SAFETY INVESTMENT CORP. *v*. STATE LAND
OFFICE BOARD.

1. TAXATION—PURCHASER OF TAX TITLE—NOTICE OF RECONVEYANCE
—SCAVENGER SALE—MATCHING HIGHEST BID.

 Purchaser of tax title which failed to give notice of reconvey-
 ance within five-year period from time it was entitled to a
 deed was precluded from claiming title under such tax deed,
 hence it could not match the highest bid at so-called scavenger
 sale (1 Comp. Laws 1929, § 3466; Act No. 155, § 7, Pub. Acts
 1937, as amended by Act No. 244, Pub. Acts 1939).

2. COSTS—PUBLIC QUESTION—TAX TITLE PURCHASERS—MATCHING
HIGHEST BID AT SCAVENGER SALE.

 No costs are allowed in case involving determination of whether
 or not tax title purchaser which had failed to give notice of
 reconveyance within five years from time it was entitled to a
 deed was entitled to match highest bid at so-called scavenger
 sale, a public question being involved (1 Comp. Laws 1929,
 § 3466; Act No. 155, § 7, Pub. Acts 1937, as amended by Act
 No. 244, Pub. Acts 1939).

Appeal from Wayne; Keidan (Harry B.), J.   Sub-
mitted October 14, 1941.   (Docket No. 49, Calendar
No. 41,612.)   Decided December 2, 1941.

Bill by Safety Investment Corporation against
State Land Office Board and John Thorpe to re-
strain the board from conveying real property to
defendant Thorpe and to compel conveyance to
plaintiff.    Bill    dismissed.    Plaintiff    appeals.
Affirmed.

*Joseph S. McDowell,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, and *Peter E. Bradt,*

Assistant Attorney General, for defendant State Land Office Board.

*Cozadd & Shangle,* for defendant John Thorpe.

BUTZEL, J. Plaintiff held tax deeds to certain property for delinquent taxes for the years between 1918 and 1926. However, it took no action whatsoever to perfect the tax titles by giving notice of reconveyance within the period of five years from the date the deeds were issued. The statute under which the "scavenger" sale was held, Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957), provided that any person who at the time of the tax sale had any "interest" in the land might match the bid. The query is whether plaintiff had such an interest as to entitle it to meet such highest bid and thus have a preference over a stranger who made the highest bid at the "scavenger" sale. Act No. 58, Pub. Acts 1907 (1 Comp. Laws 1929, § 3466 [Stat. Ann. § 7.119]), in force at the date of the tax sale (1938) at which the property was bid in to the State, provided:

"The right to recover possession of any land, * * * by any person claiming through or under any deed executed by the auditor general * * * shall be forever barred * * * by failure of such tax title purchaser, his heirs or assigns, to give the notice or notices required by this act for a reconveyance of the premises within the above specified period of five years. In case of such failure to give the required notice for reconveyance within the period of five years from the date such purchaser, his heirs or assigns, shall become entitled to a tax deed to be issued by the auditor general, the person

1941] SAFETY INV. CORP. *v.* LAND OFFICE BD.    601

or persons claiming title under tax deed or certificate of purchase shall be forever barred from asserting such title or claiming a lien on the land by reason of such tax purchase.''

The failure of the purchaser to give such notice precludes it from claiming title under the tax deed involved. *Closser* v. *Abraham,* 284 Mich. 272; *McClure* v. *Knight,* 284 Mich. 649. In *Watters* v. *Kieruj,* 242 Mich. 537, relied upon by plaintiff, we discussed a tax title issued long before the enactment of Act No. 58, Pub. Acts 1907, and we called attention to the specific and mandatory provisions in the act requiring a grantee in a tax deed to conform with the act in order to perfect his title, but we held that this would not affect a title acquired prior to the enactment of the act. Plaintiff having failed to perfect its title within the statutory period is forever barred from claiming a lien on the land by reason of such tax purchase, and therefore lost all interest therein.

The trial court correctly held that plaintiff had no interest in the property, and the decree is affirmed, but without costs, as a public question is involved.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and WIEST, JJ., concurred.