BROUSSEAU *v.* CONKLIN.

1. Taxation—Tax Sale Purchaser—Notice of Right to Reconveyance—Mandatory Statute.

The record holder of an undivided half interest in land as grantee in the regular chain of title at the time of recording a duplicate tax deed is entitled to notice of right to redeem from tax deeds issued to purchaser at subsequent tax sale, compliance with provision that notice of right to reconveyance

be served upon all grantees in regular chain of title being mandatory to enable purchaser at tax sale to perfect his title (1 Comp. Laws 1929, § 3535).

2. SAME—REDEMPTION.
   Until notice to redeem from tax sale is served upon all parties as provided by statute the owner is under no legal obligation to redeem (1 Comp. Laws 1929, § 3535).

3. SAME—REDEMPTION—FAILURE TO SERVE NOTICE FOR FIVE YEARS.
   Purchaser at tax sale who fails to serve required notice of right to redeem for five years or more is barred from asserting title under tax deed (1 Comp. Laws 1929, §§ 3466, 3535).

4. SAME—FAILURE TO PERFECT TITLE—COST OF IMPROVEMENTS.
   Purchaser at tax sale who failed to perfect his title, entered premises for hunting purposes and constructed a hunter's cabin thereon was a trespasser and is not entitled to costs of improvements made (1 Comp. Laws 1929, §§ 3466, 3535).

5. TRESPASS—DAMAGES—IMPROVEMENTS.
   Last grantees in regular chain of title are not awarded damages for trespass of purchaser at tax sale who failed to perfect his title, entered thereon and made improvements, notwithstanding title in defendants is quieted as against plaintiffs' tax deeds (1 Comp. Laws 1929, §§ 3466, 3535).

6. COSTS—EQUITY—CROSS BILL—ATTORNEY FEES.
   Costs are allowed defendant appellants who secured reversal of decree denying relief on their cross bill, costs being limited as to attorney fees in a single suit.

Appeal from Alcona; Cramton (Louis C.), J. Submitted October 17, 1941. (Docket No. 37, Calendar No. 41,442.) Decided April 6, 1942. Rehearing denied May 18, 1942.

Bill by Henry Brousseau against Austin C. Conklin and wife to quiet title to land. Cross bill by defendants against plaintiff and others to quiet title. Decree for plaintiff. Defendants appeal. Reversed.

*Isadore Isackson,* for plaintiff.

*Everett F. Hayes,* for defendants.

Wiest, J.   July 23, 1938, plaintiff Brousseau filed the original bill herein to quiet his title under two tax deeds to a half section of cutover, unimproved land in the county of Alcona.   Defendants herein filed an answer, alleging noncompliance by plaintiff with statutory requirements relative to perfecting his title by service of notice upon persons having right to redeem and also filed a cross bill to quiet their title as to the mentioned tax deeds.   The circuit judge in a decree quieted title in plaintiff Brousseau under his tax deeds and review is by defendants.

One of the tax deeds was dated July 8, 1931, and was for the taxes assessed in 1927, and the other was dated August 12, 1932, for the 1928 taxes.   To perfect title under the tax deeds, the statute, 1 Comp. Laws 1929, § 3535 (see Stat. Ann. § 7.198), required notice of right of reconveyance within six months to be served "upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, * * * at the date of the delivery of such notice to the sheriff for service, * * * and upon the grantee or grantees under the tax deed issued by the auditor general for the latest year's taxes then appearing of record in said registry of deeds."

There was a previous tax deed by the auditor general to Charles R. Byce, dated October 10, 1927, but not recorded, for the taxes of 1920, 1921, 1922, and 1923.   Under claim that such unrecorded deed had been lost plaintiff Brosseau procured a duplicate deed to be executed by the auditor general to Byce, dated December 14, 1931, and had it recorded December 26, 1931.   The evident purpose of this

was to show that Byce, under his tax deed, had, in November, 1927, served notice of right of redemption upon various parties entitled thereto, including Josephine Reardon; that there was no redemption and this relieved plaintiff from serving her with notice of right of redemption under his subsequent tax deeds.

At the time of recording the duplicate tax deed to Byce it appeared by the record in the office of the register of deeds of Alcona county that Josephine Reardon had an undivided half interest as grantee in the regular chain of title of the land and, as such, regardless of nonredemption under the Byce notice, she was entitled to notice of right to redeem from plaintiff's tax deeds. *G. F. Sanborn Co.* v. *Richter,* 176 Mich. 562; *Marshall* v. *Anderson,* 233 Mich. 480.

The mentioned statute was mandatory and plaintiff did not perfect title under his tax deeds by notice required by the statute.

" 'Until the statutory notice is served upon all parties entitled thereto and proof thereof is made and filed, the right of redemption remains to all.' " *Otto* v. *Phillips,* 250 Mich. 546.

Plaintiff, having failed to serve the required notice of right to redeem upon Josephine Reardon, as required by statute, 1 Comp. Laws 1929, § 3466 (Stat. Ann. § 7.119), and five years having elapsed since he should have done so, is now barred from asserting title under his tax deeds. See *McClure* v. *Knight,* 284 Mich. 649.

Plaintiff, in entering upon the premises for hunting purposes and constructing a hunter's cabin thereon, was a trespasser and is not entitled to the costs of any improvements he may have made. *Cook Land Construction & Producing Co.* v. *McDonald,* 155 Mich. 175; *McBride* v. *Closser,* 208 Mich. 398.

Defendants are of record the last grantees of the premises in the regular chain of title.

The decree quieting title in plaintiff is reversed and a decree will be entered in this court, under defendant's cross bill, quieting title in them, as to plaintiff's tax deeds. Under the record, we decline to award defendants any sum as damages for the trespass or for the use of the premises by plaintiff for hunting purposes. Plaintiff's bill is dismissed and defendants, under their cross bill, may have the relief above mentioned, with costs against plaintiff to be taxed, limited as to attorney fees in a single suit.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.