RITTER *v.* CORKINS.

1. TAXATION—SALES—NOTICE OF RECONVEYANCE—STATEMENT OF AMOUNT—SERVICE.

Where property at tax sale was sold as two separate parcels but the total paid was combined in one amount in the notice of reconveyance by the tax purchaser and the amount so stated was larger than the amount paid for both parcels and publication of notice for reconveyance was made before sheriff had received such notice for service, the notice of reconveyance and following proceedings were fatally defective (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.]).

2. EJECTMENT—PLAINTIFFS' TITLE—TAX TITLE.

While in action of ejectment it was proper for defendant to introduce tax deed to his grantor without proof of regularity of tax proceedings through which that deed was issued, where

plaintiffs relied upon the strength of their own title, it was proper for them to substantiate the charge of invalidity of defendant's title.

3. TAXATION—TAX TITLE—SERVICE OF VALID NOTICE OF RECONVEYANCE—ATTEMPT.

After 1932, and before 1939, it was necessary in order to preserve the title which a purchaser at a tax sale acquires, that he or his grantee must serve a valid notice of reconveyance within five years after the purchase of the tax deed, a mere bona fide attempt to serve such notice being insufficient (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.], and Act No. 52, Pub. Acts 1939).

4. EJECTMENT—TAX TITLE—NOTICE OF RECONVEYANCE—ATTEMPTED SERVICE OF NOTICE.

Where neither the tax title purchaser nor his grantee, the defendant in ejectment action, had given a valid notice of reconveyance within the time specified by the then controlling statute; although a bona fide attempt to do so may have been made, such rights as the holder of the tax title may have had were lost before, and not revived by, amendatory act making a bona fide attempt to serve notice sufficient to preserve such purchaser's rights, hence defendant was not entitled to have case transferred to chancery side and obtain reimbursement for improvements he had made (1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 [1st Ex. Sess.], and Act No. 52, Pub. Acts 1939).

Appeal from Sanilac; Stewart (Shirley), J. Submitted October 10, 1947. (Docket No. 61, Calendar No. 43,379.) Decided December 3, 1947.

Ejectment by Wellington W. Ritter and Arthur J. Bonninghausen against John C. Corkins to recover possession of real property. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Charles W. Rigney,* for plaintiffs.

*Maurice C. Ransford,* for defendant.

BUTZEL, J. On October 20, 1932, Philip A. Horsch received two tax deeds from the auditor general of

Michigan, one for 80 and the other for 40 acres of land, the parcels consisting of the west half of the northeast quarter, and the southeast quarter of the northeast quarter of section 18, Greenleaf township, Sanilac county, Michigan. Catherine Ritter appeared to be the record owner. At the time of the tax sale the notice of reconveyance as given by the tax purchaser, Philip A. Horsch, and the other documents showing the proceedings to perfect the title were filed with the Sanilac county clerk and the notice by purchaser under tax sale was recorded with the register of deeds on January 25, 1934. In September of 1934, Philip A. Horsch executed a warranty deed of the property to John C. Corkins, defendant herein, for $750. On September 20, 1933, five of the seven heirs of Catherine Ritter conveyed their interest in the property to Wellington W. Ritter, who also was one of the seven heirs of Catherine Ritter. Washington Ritter, one of the heirs, has an outstanding interest but is not a party to this suit. On July 13, 1938, Wellington Ritter and wife conveyed one-half of their interest to Arthur J. Bonninghausen, who, together with Wellington W. Ritter, are the plaintiffs in this ejectment suit brought against John C. Corkins. Mr. Bonninghausen agreed to advance the costs and charges necessary in the attempt to recover the farm for Wellington W. Ritter and himself.

John C. Corkins, after obtaining the title, built an eight-room house, garage and other buildings and made other improvements on the property, all at a cost of between $5,000 and $6,000. It is claimed that in 1944, when this suit was begun, the property was worth $6,500. Wellington W. Ritter who at one time owned a 6/7ths interest in the property, and who is one of the principal plaintiffs in the case, knew of the tax sale in 1932. He ascertained the

amount of the delinquent taxes, but, notwithstanding an effort to secure a loan from the government and from a few of his neighbors, he was unsuccessful in raising the amount necessary to redeem the property from the tax sale.

Philip A. Horsch, the original tax-title purchaser, engaged the services of the late William A. Burgess, then the prosecuting attorney of Sanilac county, to prepare the notice of reconveyance required under the tax law. Burgess had practiced law for a number of years in Sanilac county. The notice of reconveyance and the proceedings that followed were fatally deficient. Although the property had been sold as two separate parcels, the total amount paid for both of them was combined in one amount in the notice of reconveyance, and the amount so stated was larger than the amount paid by the tax purchaser for both parcels. The publication of the notice was made for five weeks beginning November 10, 1932. The certificate of the sheriff shows that he did not receive notice for service until the 24th day of July, 1933, whereupon upon the same day he filed a certificate that he was unable to find the whereabouts or postoffice address of the persons appearing in the records in the office of the register of deeds to be the last "grantee" in the regular chain of title.* We need not set forth other defects claimed. The trial judge found that the proceedings to perfect the tax title were fatally defective and entered a judgment against defendant.

Defendant, as appellant, raises two questions:

"1. Are tax deeds issued by the auditor general of the State admissible as prima facie evidence of

---

* See 1 Comp. Laws 1929, § 3535, as amended by Act No. 10, Pub. Acts 1932 (1st Ex. Sess.) (Comp. Laws Supp. 1935, § 3535, Stat. Ann. § 7.198).—REPORTER.

title without proof of regularity of the tax proceedings through which the tax deed was issued?"

The tax deed was properly introduced and the failure to perfect the title was shown. Plaintiffs relied upon the strength of their own title and further substantiated the charge of the invalidity of defendant's tax title. Plaintiff followed the proper procedure. *Morrison* v. *Semer,* 164 Mich. 208; *Briggs* v. *Prevost,* 293 Mich. 677; *Smelsey* v. *Safety Investment Co.,* 310 Mich. 686.

The second question is whether Act No. 52, Pub. Acts 1939, which amended Act No. 206, § 73a, Pub. Acts 1893 (1 Comp. Laws 1929, § 3466 [Comp. Laws Supp. 1940, § 3466, Stat. Ann. 1946 Cum. Supp. § 7.119]) is applicable to the case at bar and should the case, in accordance therewith, be tried on the chancery side rather than on the law side of the court?

Prior to the enactment of Act No. 52, Pub. Acts 1939, defendant Corkins had lost all interest in the property in question by virtue of the failure of himself and his grantor to serve a valid notice of reconveyance within five years after· the purchase of the tax deed. The trial court properly held that the law in effect from 1932 to the effective day of Act No. 52, Pub. Acts 1939, was specific in requiring that the tax title purchaser must serve a valid notice of reconveyance within five years from the time he became the owner of the tax deed and not merely make a bona fide attempt to serve such notice. *Closser* v. *Abraham,* 284 Mich. 272; *Safety Investment Corp.* v. *State Land Office Board,* 299 Mich. 599.

The trial court further held that defendant not having followed the statute in perfecting his tax title was not entitled to reimbursement for any improvements made upon the land. *Cook Land, Construc-*

*tion & Producing Co.* v. *McDonald,* 155 Mich. 175; *McBride* v. *Closser,* 208 Mich. 398; *Brousseau* v. *Conklin,* 301 Mich. 241; *Adair* v. *Bonninghausen,* 305 Mich. 137.

Defendant, however, claims that under Act No. 52, Pub. Acts 1939, he has a right to have the case transferred to the equity side of the court. The amendment provides that if within the specified period of five years, such tax title purchaser, his heirs or assigns, has made a bona fide attempt to give the notices required by law for the reconveyance of the premises, neither the legality or sufficiency of such sale or notice, nor the bona fides of such purchaser in this attempt to give the statutory notice, shall be questioned, raised or adjudicated except in or by a suit in equity. The law further provides for the transferring of the suit to the equity side of the court. However, it further provides:

"That nothing in this section contained shall be deemed or construed, by implication or otherwise, to revive or give any effect to any such tax deed or certificate of purchase heretofore or hereafter barred or voided by operations of law or otherwise, and that all provisions of law in conflict herewith are hereby repealed."

The ejectment case was tried without a jury and when defendant asked that the case be transferred to the equity side of the court, the judge stated that testimony would be taken and he would decide later whether it could be considered as a law or equity case. Defendant attempted to show that a bona fide effort had been made to give proper notice of reconveyance. Plaintiffs on the other hand showed that the equities were not in defendant's favor. The trial court held that there was not a bona fide effort

to give proper notice. We need not discuss that question as the trial court also properly held that the case must remain on the law side of the court. Defendant concedes that on the law side of the court plaintiffs must prevail, as the notice of reconveyance and the proceedings that followed were fatally defective. Defendant, however, claims that Act No. 52, Pub. Acts 1939, amending section 73a of Act No. 206, Pub. Acts 1893, is merely remedial and changes the form of the remedy. Unfortunately for defendant, the law provides that the act shall not "revive or give any effect to any such tax deed or certificate of purchase heretofore or hereafter barred or voided by operations of law or otherwise." No proper notice of reconveyance in the time specified by law having been made prior to the effective date of Act No. 52, Pub. Acts 1939, plaintiffs must prevail. We limit our discussion entirely to questions involved as stated by appellant.

Judgment is affirmed, with costs to plaintiffs.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.