ST. HELEN RESORT ASSOCIATION, INC., *v.* HANNAN.

1. TAXATION—TAX TITLE—COMPLIANCE WITH STATUTES.
   The validity of a tax-purchaser's title depends upon compliance with the statute relating thereto, substantial compliance not being sufficient (1 Comp. Laws 1929, § 3535).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am. Jur., Taxation, § 1061.
[2] 50 Am. Jur., Statutes, § 223.
[3, 4] 51 Am. Jur., Taxation, § 1124.
[3] Holder of tax certificate as affected by public official's waiver of, or failure to require, compliance with condition of redemption. 118 A.L.R. 578.
[5] 51 Am. Jur., Taxation, § 1098.
[6] 14 Am. Jur., Costs, § 8.

2. Statutes—Construction—Intent.

   Courts must apply statutes in accordance with the plain intent
   and language used by the legislature.

3. Taxation—Return of Sheriff—Condition Precedent—Service
   of Notice by Publication.

   Under provision of general property tax law that before notice
   of reconveyance may be given by publication the sheriff of the
   county in which the land is located shall make a return that
   after careful inquiry he is unable to ascertain the whereabouts
   or the postoffice address of the persons upon whom such notice
   may be served, the making of such return is a condition prece-
   dent to publication and failure to do so renders service of notice
   by publication a nullity (1 Comp. Laws 1929, § 3535).

4. Same—Tax Title—Equity—Jurisdiction—Notice of Redemp-
   tion—Reimbursement of Purchaser.

   Statute giving equity court exclusive jurisdiction to try tax titles
   where tax-title purchaser has made a bona fide attempt to
   make service of notice of reconveyance does not change stat-
   utory requirements of the service of notice of redemption but
   rather was designed to provide for reimbursement to the tax
   buyer for value of improvements made and taxes paid or other
   expenses incurred (1 Comp. Laws 1929, § 3466, as amended
   by Act No. 52, Pub. Acts 1939; § 3535).

5. Same—Tax-Title Purchaser—Bona Fide Attempt to Serve
   Notice of Reconveyance—Interest on Taxes and Original
   Purchase.

   A tax-title purchaser who has made a bona fide, but ineffective
   attempt, to effect a proper notice of reconveyance is entitled
   to interest, not only upon subsequent taxes paid, but also upon
   original purchase (1 Comp. Laws 1929, § 3466, as amended by
   Act No. 52, Pub. Acts 1939).

6. Costs—Construction of Statute.

   No costs are allowed in suit to remove a cloud from title, where
   construction of statute is involved (1 Comp. Laws 1929, § 3466,
   as amended by Act No. 52, Pub. Acts 1939; § 3535).

Appeal from Roscommon; Shaffer (John C.), J.
Submitted April 13, 1948. (Docket No. 38, Calendar
No. 43,932.) Decided June 14, 1948.

Bill by St. Helen Resort Association, Inc., a Michi-
gan corporation, against Morris M. Hannan to quiet

title to real estate. Cross bill by defendant against plaintiff to quiet title. Decree for plaintiff. Defendant appeals. Modified decree entered in Supreme Court.

*Morrow & Kull,* for plaintiff.

*Yeo & Bilitzke,* for defendant.

Bushnell, C. J. This is a suit in chancery to remove a cloud from the title of certain lands described as the north ½ of section 11, town 24 north, range 2 west, Higgins township, Roscommon county, Michigan.

It appears that on January 3, 1927, the Round Lake Holding Company, being the owner of said property, mortgaged the same to Roscommon State Bank for $1,500 which mortgage was recorded; and that on March 19, 1931, the Round Lake Holding Company conveyed said property by quitclaim deed to Charles E. Pearson and Sarah Pearson, his wife. At this time taxes on the property were in default for the years 1927, 1928, 1929 and 1930. In August, 1931, Morris M. Hannan of Bay City became interested in the property and through his friend Henry H. Thornthwaite, also of Bay City, the property was purchased from the auditor general of Michigan for the sum of $376.80 with the deed taken in the name of Henry H. Thornthwaite.

Thereafter, Hannan and Thornthwaite went to Roscommon and checked the records in the offices of the county clerk and register of deeds. They found that Charles E. and Sarah Pearson whose address was 6629 Tireman avenue, Detroit, Michigan, were the last named grantees of record. They had tax notices prepared, handed them to F. T. Murphy, sheriff of Roscommon county, for service. The tax notice contained a correct description of the prop-

erty sold, the amount paid for each year's tax, and
the total amount necessary to redeem the property.
On December 2, 1931, the sheriff of Roscommon
county made personal service of such tax notice
upon J. J. McGrath, temporary receiver of the Ros-
common State Bank, said bank being the mortgagee
of said property. After making the above service,
sheriff Murphy then mailed a notice to the sheriff
of Wayne county for service upon Pearson and
wife. The sheriff of Wayne county, by Jordan
Savithes, deputy sheriff, made a return dated Jan-
uary 15, 1932, showing that he held the notice from
December 2, 1931, to January 15, 1932, "and that
after careful inquiry, which has been continued from
that time until this date, I am unable to ascertain
the whereabouts or postoffice address of Charles E.
Pearson and Sarah Pearson."

On February 5, 1932, sheriff Murphy advised Mr.
Thornthwaite by letter that the sheriff of Wayne
county had returned the papers to him and could
not find either Mr. or Mrs. Pearson. Sheriff Murphy
then had the notice published in the Roscommon
Herald News of Roscommon county, Michigan, for
four successive weeks and D. Eugene Matheson,
publisher and printer of the above newspaper, cer-
tified that the notice was published in his paper on
January 21, January 28, February 4, and February
11, 1932.

After the above publication had been completed,
Thornthwaite and wife delivered a quitclaim deed
to Morris M. Hannan. The deed was executed
November 4, 1931, and recorded May 15, 1934.
Charles E. Pearson died in October, 1936. His es-
tate was probated in Wayne county. On April 30,
1938, Sarah Pearson executed a quitclaim deed run-
ning to plaintiff corporation. It was recorded May
17, 1938. It also appears that no attempt was made

by the bank or the Pearsons to redeem the property as required by law.

In December, 1941, plaintiff corporation began the instant suit and in its bill of complaint alleges:

"That said purported notices of reconveyance were not in compliance with the statute in such case made and provided, in that; The description in said notices were not properly given. The amount demanded in said purported notice of reconveyance being in excess of the amount provided for by the statute in such case made and provided; That said purported notices of reconveyance does not show that the taxes for the years 1928, 1929 and 1930 were paid as a condition of said tax title; That Charles E. Pearson and Sarah Pearson lived at 6629 Tireman ave., Detroit, Michigan as shown by said purported notice of reconveyance and yet the return by the deputy sheriff of Wayne county, Michigan returned said notices stating that after diligent search and inquiry he was unable to find said parties.

"Plaintiff hereby alleging that said deputy sheriff did not make diligent search and inquiry to find the said Charles E. Pearson and Sarah Pearson as provided by statute; That the sheriff of Roscommon county, Michigan made no return to said purported notice of reconveyance with reference to Charles E. and Sarah Pearson; Plaintiff alleging that before a publication of said purported notice of reconveyance in a newspaper published and circulated in Roscommon county, Michigan, the sheriff of Roscommon county, Michigan should make a return thereon that said parties could not be found; That service on said Roscommon State Bank should have been made on one of the officers of said bank as provided by statute. Said bank being a corporation still doing business in Michigan. That the return on said purported notice of reconveyance on J. J. McGraw [McGrath] was not a sufficient notice on Roscommon State Bank.

"That the above purported notice of reconveyance

was not served as provided by statute and therefore null and void and of no effect and therefore did not vest title to said land in Henry H. Thornthwaite, and that more than five years have passed since said Henry H. Thornthwaite received the above mentioned tax deed from the auditor general of the State of Michigan and all right, title and interest in said land conveyed by said tax deed is hereby barred by the statute of limitations."

The cause came on for trial and the trial court entered a decree in which he found as a fact that the sheriff of Wayne county failed to make a diligent search and effort to locate Charles E. Pearson and Sarah Pearson, his wife, the last grantees in the regular chain of title; and that there is an absence of any return by the sheriff of Roscommon county showing that said sheriff was unable to ascertain the whereabouts or post office address of Charles E. Pearson and Sarah Pearson, his wife. The decree held that the tax deed to Thornthwaite was null and void and a cloud upon plaintiff's title. It also provided that plaintiff pay to the clerk of the court for the benefit of defendant the sum of $912.73. In determining the above amount the court allowed defendant his original investment of $376.80 without interest and nine years of taxes paid with interest at five per cent. totaling $535.93.

Defendant appeals and urges that the court erred in finding as a fact that the sheriff of Wayne county did not make an honest and diligent effort to locate Mr. and Mrs. Pearson before making return of failure to serve said persons; that the court erred in his conclusion that the law required a return of failure of service to be made by sheriff of Roscommon county in addition to return to that effect made by the sheriff of Wayne county; and that the court erred in ordering defendant should be paid $376.80 but without interest.

Section 3535, 1 Comp. Laws 1929, provides that:

"No writ of assistance or other process for the possession of any land the title to which has been obtained under and in pursuance of any tax sale * * * shall be issued until six months after there shall have been filed with the county clerk of the county where the land is situated, a return by the sheriff of said county showing that he has made personal service of a notice, or proof of substituted service thereof, * * * upon the person or persons appearing by the records in the office of the register of deeds of said county to be the last grantee or grantees in the regular chain of title of such lands, or of any interest therein, at the date of delivery of such notice to the sheriff for service * * * and upon the mortgagee or mortgagees named in all undischarged recorded mortgages."

The act also provides that if the grantee or grantees shall be residents of any county of the State other than the county in which the land is situated, then the sheriff of that county shall make service upon such persons as provided by the act.

The act further provides:

"That if the sheriff of the county where any such lands are located shall make a return that after careful inquiry he is unable to ascertain the whereabouts or the postoffice address of the persons upon whom notice may be served as aforesaid, or any of them, then such notice as is herein provided for shall be published for four successive weeks, which shall be construed to mean four publications once each week, in some newspaper published and circulating in the county where such lands are located, if there is one; and if no such paper is published in such county then publication shall be made in some newspaper published and circulated in an adjoining county, and due proof of publication, by affidavit of the printer or publisher of such newspaper, shall be filed with the county clerk and shall be in lieu of personal serv-

ice upon the person or persons whose whereabouts or postoffice address cannot be ascertained as aforesaid."

The following facts are not in dispute: That the Pearsons were not residents of Roscommon county; that personal service was not made upon either of them; and that after failure to get personal service upon the Pearsons, the sheriff of Roscommon county did not make a return that after careful inquiry he was unable to ascertain the whereabouts or postoffice address of the persons upon whom notice may be served prior to the publication for four successive weeks.

It is a uniform principle of our tax laws that the validity of a tax-purchaser's title depends upon compliance with the statute relating thereto. Substantial compliance is not sufficient, *Stockwell* v. *Curtis,* 279 Mich. 388, and where the notice of reconveyance is insufficient a grantee under a State tax deed acquires no title to the premises, *Bruun* v. *Cook,* 280 Mich. 484.

In *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 456, we had under consideration the validity of a tax notice and there said:

"Courts of equity, however, as well as of law, must apply legislative enactments in accordance with the plain intent and language used by the legislature."

See, also, *McBride* v. *Closser,* 208 Mich. 398.

Section 3535, 1 Comp. Laws 1929, provides in substance that before publication may be had for "four successive weeks," the sheriff of the county where the property is located shall make a return that after careful inquiry he is unable to ascertain the whereabouts or postoffice address of the persons upon whom notice may be served. In our opinion this proviso in the act is a condition precedent to

service by publication and must be complied with. Failure to do so renders such service a nullity.

Defendant urges that 1 Comp. Laws 1929, § 3466, as amended by Act No. 52, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3466, Stat. Ann. 1947 Cum. Supp. § 7.119), changed the form of remedy by providing for the transfer of all such cases from the law to the equity side of the court.

That portion of the act pertinent to the issue involved in the case at bar reads as follows:

"*Provided, however,* That this amended section shall not terminate any rights hereunder until 90 days after such effective date: *Provided, further,* That if within the specified period of 5 years such tax title purchaser, his heirs or assigns, has made a bona fide attempt to give the notice or notices required by law for the reconveyance of the premises, neither the legality or sufficiency of such sale or notice, nor the bona fides of such purchaser in this attempt to give the statutory notice, shall be questioned, raised or adjudicated except in or by a suit in equity; and when in any case at law it shall appear that any such question is a material issue in the case, it shall on motion of either party be forthwith transferred to the equity side of the court, and there tried and determined in accordance with recognized equitable principles, including provisions for reimbursement for the value of improvements made and taxes paid or other expenses incurred. No person who has himself been properly served with such notice and failed to redeem from such sale in accordance with the provisions of the general tax law, within the period herein specified, shall thereafter be entitled to question or deny in any manner the sufficiency of such notice upon the ground that some other person or persons entitled to notice was not also served therewith: *Provided further,* That nothing in this section contained shall be deemed or construed, by implication or otherwise, to revive or give any effect to any such tax deed or

certificate of purchase heretofore or hereafter barred or voided by operations of law or otherwise, and that all provisions of law in conflict herewith are hereby repealed."

We have examined the act relied upon by defendant and conclude that it did not change the statutory requirements of the service of notice of redemption. Its principal purpose was to provide for reimbursement to the tax buyer for value of improvements made and taxes paid or other expenses incurred. By virtue of the above provisions of the act the trial court permitted defendant to recover the amount paid for the original purchase together with the several sums paid for taxes with interest on the amounts paid for taxes. We think defendant is also entitled to recover interest on the amount paid for the original purchase.

A decree will be entered in the Supreme Court in harmony with this opinion. No costs are allowed as the construction of a statute is involved.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.