ANDRE v FINK

Docket No. 108678. Submitted March 23, 1989, at Lansing. Decided October 2, 1989.

Nancy L. Andre purchased from John and Harriet Swisher by land contract in 1963 a certain residential property located in Ann Arbor. In 1982, the Swishers deeded the property to Andre. That deed was not recorded, leaving the Swishers the owners of record. In 1984, Richard and Linda Don purchased the property at a tax sale for unpaid 1981 taxes. Andre redeemed the property from the Dons and, on March 26, 1986, the Dons gave Andre a quitclaim deed to the property. The tax deed and quitclaim deed were recorded on April 8, 1986. Meanwhile, in 1985, Donald Fink, Richard Kightlinger and Kightlinger/Fink Properties purchased the property at a tax sale for unpaid 1982 taxes and secured a tax deed on June 11, 1986. Fink and Kightlinger served notice of their purchase of the property at the tax sale upon Andre on August 4, 1986, but did not serve such notice upon the Swishers. On March 1, 1987, Andre tendered the required amount for redemption to Fink and Kightlinger, who refused the tender as being untimely in that it was more than six months after they had sent Andre the notice of purchase. Andre brought an action to quiet title in Washtenaw Circuit Court, naming Fink, Kightlinger, Fink/Kightlinger Properties and the Auditor General of the State of Michigan as defendants. Plaintiff moved for summary disposition. The trial court, Henry T. Conlin, J., granted the motion, holding that the running of the six-month redemption period was tolled by reason of the failure of defendants Fink and Kightlinger to serve notice upon the last recorded grantees in the regular chain of record, the Swishers. Defendants Fink, Kightlinger and Kightlinger/Fink Properties appealed.

The Court of Appeals *held*:

REFERENCES

Am Jur 2d, Judicial Sales §§ 246 *et seq.*; Quieting Title and Determination of Adverse Claims § 48.

Void tax deed, tax sale certificate, and the like, as constituting color of title. 38 ALR2d 986.

Statutory limitation of period for attack on tax deed as affected by faliure to comply with statutory requirement as to notice before tax deed. 5 ALR2d 1021.

1. The running of the six-month redemption period is tolled until service is made upon the last recorded grantee or grantees in the regular chain of title. The term regular chain of title means the chain of title running from the patent title and does not include those claiming under a tax deed. Accordingly, since the Swishers were the last recorded grantees in the regular chain of title, notice should have been served upon the Swishers. The fact that the Swishers no longer had title to the property does not obviate the need to serve them with the statutorily mandated notice.

2. Title to land may not be obtained by estoppel, absent fraud. The fact that plaintiff informed defendants Fink and Kightlinger that she had received a deed to the property from the Swishers does not constitute fraud such as would estop plaintiff from asserting the failure to serve notice on the last recorded grantees, the Swishers.

Affirmed.

1. WORDS AND PHRASES — REGULAR CHAIN OF TITLE — TAX SALES — NOTICE.

The phrase "regular chain of title" as used in the notice provision of the tax sale section of the General Property Tax Act means the chain of title arising out of the patent title and does not include the chain of title originating in a tax deed (MCL 211.140[1]; MSA 7.198[1]).

2. NOTICE — TAX SALES — REDEMPTION PERIOD — TOLLING.

Failure by a purchaser of land at a tax sale to serve notice of the tax deed on the last recorded grantee in the regular chain of title bars the purchaser from asserting title under the tax deed and tolls the running of the six-month redemption period; the fact that the interest of the last recorded grantee in the regular chain of title may have become void or extinguished does not relieve the purchaser of a tax deed of the necessity of serving proper notice on the last recorded grantee (MCL 211.140[1]; MSA 7.198[1]).

3. ESTOPPEL — REAL PROPERTY — TITLE.

Title to land may not be obtained by estoppel in the absence of a showing of fraud.

*Legal Services of Southeastern Michigan, Inc.* (by *Robert R. Gillett* and *Sheila Spalding Blakney*), for plaintiff.

*Ward, Hopper, Sorini, P.C.* (by *Judith A. Ward*),

for Donald Fink, Richard Kightlinger and Kight-
linger/Fink Properties.

Before: MacKenzie, P.J., and Hood and Gribbs,
JJ.

Per Curiam. Defendants Donald Fink, Richard
Kightlinger and Kightlinger/Fink Properties
(hereinafter defendants) appeal as of right from an
order granting summary disposition in favor of
plaintiff. We affirm.

This case involves competing claims to certain
residential property located in Ann Arbor. Plain-
tiff purchased the property on land contract in
1963 from John and Harriet Swisher, whose title
to the property had been recorded. In 1982, the
Swishers deeded the property to plaintiff. That
deed was not recorded, leaving the Swishers as
owners of record.

At a 1984 tax sale, Richard and Linda Don
purchased the property for the unpaid 1981 prop-
erty taxes. The following year, the Dons received a
tax deed to the property from the Department of
Treasury. Plaintiff apparently redeemed the prop-
erty from the Dons. On March 26, 1986, the Dons
quitclaimed the property back to plaintiff. Both
the tax deed to the Dons and the quitclaim deed to
plaintiff were recorded on April 8, 1986.

Meanwhile, at a 1985 tax sale, defendants had
purchased the property for the unpaid 1982 prop-
erty taxes. They were granted a tax deed on June
11, 1986.

MCL 211.140(1); MSA 7.198(1) provides in rele-
vant part:

    A writ of assistance or other process for the
    possession of land the title to which was obtained
    by or through a tax sale . . . shall not be issued

until 6 months after there is filed with the county treasurer of the county where the land is situated, a return by the sheriff of that county showing service of the notice [signed by the tax deed holders] prescribed in subsection (2) [giving notice that the tax deed has been issued and that the recipient has 6 months to redeem]. The return shall indicate that the sheriff has made personal or substituted service of the notice upon the following persons who were, as of the date the notice was delivered to the sheriff for service:

(a) The last grantee or grantees in the regular chain of title of the land, or of an interest in the land, according to the records of the county register of deeds.

(b) The person or persons in the actual open possession of the land.

(c) The grantee or grantees under the tax deed issued by the state treasurer for the latest year's taxes then appearing of record in the registry of deeds.

Defendants served the required notice on plaintiff on August 4, 1986. They did not serve notice on the Swishers or the Dons. Approximately seven months later, on March 1, 1987, plaintiff tendered to defendants $3,828.30, the amount stated in defendants' notice as the amount necessary to redeem. Defendants refused the tender as untimely, prompting plaintiff's instant action to redeem.

The trial court held that defendants failed to strictly comply with the notice provisions of MCL 211.140(1)(a); MSA 7.198(1)(a) when they did not serve notice on the Swishers. The court concluded that, in light of this noncompliance, the six-month period in which plaintiff could redeem the property never began to run and plaintiff's March, 1987, tender was thus timely.

On appeal, defendants claim that they were not

required under MCL 211.140(1); MSA 7.198(1) to serve notice on the Swishers because plaintiff—not the Swishers—was the "last grantee or grantees in the regular chain of title of the land . . . according to the records of the county register of deeds" by virtue of the 1986 quitclaim deed from the Dons to plaintiff. We disagree.

In *Griffin v Jackson,* 145 Mich 23, 27-28; 108 NW 438 (1906), our Supreme Court construed the meaning of the phrase "regular chain of title" contained in the redemption notice provisions of the act of 1899. The Court determined that "regular chain of title" meant the chain of title arising out of the patent or the original government title and did not include the chain of title originating in the tax deed. The Court found support for this construction in the fact that the Legislature had later amended this statute to specifically require notice to both the record title holders under the regular chain of title and to those whose title is rooted in a tax deed. *Id.* at 27. This distinction between the regular chain of title and title arising out of a tax deed has been consistently maintained, see *G F Sanborn Co v Richter,* 176 Mich 562; 142 NW 755 (1913), *Mercer v Stephens,* 185 Mich 290; 151 NW 1032 (1915), and *Duck v McQueen,* 263 Mich 325; 248 NW 637 (1933), and is supported by the construction of the present statute which provides for notice to both classes of title holders.

Applying *Griffin, G F Sanborn, Mercer,* and *Duck, supra,* to this case, plaintiff is not the "last grantee in the regular chain of title" since her *record* title is rooted in a tax deed. Instead, with plaintiff's deed from the Swishers unrecorded, the Swishers are the last grantees of record in the regular chain of title.

Michigan courts have long held that, because

the effect of proceedings under the tax law is to divest the true owners of their title to property, strict compliance with the notice requirements of the statute is required. *McVannel v Pure Oil Co,* 262 Mich 518, 522; 247 NW 735 (1933); *St Helen's Resort Ass'n, Inc v Hannan,* 321 Mich 536, 543; 33 NW2d 74 (1948); *Stein v Hemminger,* 165 Mich App 678; 419 NW2d 50 (1988), lv den 430 Mich 896 (1988). Defendants' failure to serve notice on the last recorded grantees in the regular chain of title bars defendants from asserting title by reason of their tax deed and tolls the running of the six-month redemption period. MCL 211.73a; MSA 7.119. The fact that an unserved interest is void or has been extinguished, as was the Swishers', is irrelevant to the necessity of serving them notice. *Watters v Kieruj,* 242 Mich 537; 219 NW 673 (1928); *United States v Varani,* 780 F2d 1296, 1299 (CA 6, 1986).

Defendants also assert that plaintiff should be estopped from denying that she was the sole title holder to the property. This assertion is based on defendants' claim that sometime around August 4, 1986, plaintiff told defendants she had paid off her land contract and received a deed from the Swishers. The general rule in Michigan is that title to land may not be obtained by estoppel, absent fraud. *Bruun v Hansen,* 281 Mich 362, 364; 275 NW 173 (1937); *Schram v Safety Investment Co,* 39 F Supp 517 (ED Mich, 1941).

There is no evidence of fraud in this case. Plaintiff merely told defendants she received a deed to the property. It was defendants' responsibility to comply with the notice provision as set forth in MCL 211.140; MSA 7.198, including checking the records of the register of deeds. It was not reasonable for defendants to rely on the statement by

plaintiff as to the record status of title for statutory notice purposes. Principles of estoppel are inappropriate under these circumstances.

Affirmed.