## HALABU v BEHNKE

Docket No. 169054. Submitted March 7, 1995, at Lansing. Decided September 26, 1995, at 9:00 A.M.

Shawqi Halabu brought an action in the Oakland Circuit Court against Norman R. Behnke, seeking to quiet title to and to secure possession of a property located in Oakland County. In 1987 and 1988, the defendant, the owner of the property, failed to pay the property taxes for the property. At about the same time, the United States government placed a lien on the property as a result of unpaid federal income taxes. Oakland County foreclosed on the property because of the unpaid 1987 property taxes and sold the property to Alpha & Company, which, although notifying the defendant of his right to redeem the property pursuant to § 140 of the General Property Tax Act, MCL 211.140; MSA 7.198, failed to serve notice on the United States government as a lien holder. The defendant did not redeem the property within six months of receiving notice of the tax sale. Alpha transferred its interest in the property to B & B Investment Group, which, at a subsequent Oakland County tax sale for the unpaid 1988 taxes, paid the 1988 taxes and served notice on the defendant of his right to redeem. B & B also failed to give the required statutory notice to the United States government. The defendant again did not redeem the property within six months of receiving notice of the sale for the 1988 taxes. On learning of the federal lien, B & B paid the United States government the amount of the lien and extinguished that interest. B & B then conveyed its interest in the property to the plaintiff, who commenced the proceedings to quiet title and secure possession. The plaintiff moved for summary disposition on the basis that the tax sales and subsequent transfers of interest gave him good title to the property inasmuch as the defendant had failed to redeem the property within six months of being served notice of the tax sales. The defendant moved for summary disposition on the basis that the

REFERENCES

Am Jur 2d, State and Local Taxation § 1020.

Right of interested party receiving due notice of tax sale or of right to redeem to assert failure or insufficiency of notice to other interested party. 45 ALR4th 447.

running of the six-month redemption period was suspended as a result of the failure to serve notice on the United States government as a lien holder and, accordingly, that he had, pursuant to § 73a, MCL 211.73a; MSA 7.119, five years within which to redeem the property. The trial court, Robert C. Anderson, J., granted summary disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. It is undisputed that, pursuant to § 140, notices of the tax sales should have been served on the United States government and that such statutory notices were never served. The sole question presented in this case is whether the failure to serve such notices tolled the running of the six-month redemption period so that the defendant retained the right to redeem the property at the time this action was commenced.

2. The reference in the second sentence of the second paragraph of § 73a to the "period herein specified" refers to the six-month period to redeem contained in § 140. To read that phrase as referring to the five-year period mentioned in the first paragraph of § 73a would render the second sentence of the second paragraph of § 73a surplusage or nugatory, because that sentence then would refer to the same situation that already was covered in the first paragraph. By construing that reference as being to the six-month period of redemption of § 140, the second sentence of the second paragraph of § 73a is not duplicative of the first paragraph. Accordingly, the second sentence of the second paragraph of § 73a provides that a person who has been served with the required statutory notice and has failed to redeem within the six-month period of § 140 is not entitled to question the sufficiency of notice on the basis that some other person who was entitled to notice was not served. Because the defendant did not redeem the property within the six-month redemption period after having been served with proper notice, he cannot raise the question of the failure to serve proper notice on the United States government.

Affirmed.

SMOLENSKI, J., dissenting, stated that the phrase "period herein specified" contained in the second sentence of the second paragraph of § 73a refers to the five-year period mentioned in the first paragraph of § 73a. Accordingly, because it is undisputed that the United States government was not given the required notice and the five-year period had not yet run, the defendant was not precluded from raising the failure to give that notice, and summary disposition for the plaintiff should not have been granted.

TAXATION — REAL PROPERTY — TAX SALES — REDEMPTION — PERIOD
OF REDEMPTION.

A person who has been properly served with notice of a tax sale
of real property and has failed to redeem the property within
six months may not thereafter raise the question of the suffi-
ciency of notice on the ground that some other person who was
entitled to notice was not also served (MCL 211.73a, 211.140;
MSA 7.119, 7.198).

*Sills, Law, Essad, Fiedler & Charboneau, P.C.*
(by *Ernest J. Essad*), for the plaintiff.

*Keith Sirlin & Associates, P.C.* (by *Keith Sirlin*),
for the defendant.

Before: DOCTOROFF, C.J., and CAVANAGH and
SMOLENSKI, JJ.

DOCTOROFF, C.J. The trial court granted plain-
tiff's motion to quiet title in certain real property,
ruling that plaintiff's predecessors in interest ful-
filled the statutory notice requirements. Defendant
appeals as of right. We affirm.

In 1983, defendant inherited some property in
Oakland County. Because of some financial prob-
lems, defendant failed to pay the property taxes
for the property in 1987 and 1988. Around this
time, the United States government placed a lien
on the property for unpaid federal income taxes.

Oakland County foreclosed on the property for
failure to pay the 1987 state property taxes. Alpha
& Company purchased the property from the
county. Pursuant to the tax sale notice require-
ments, Alpha notified defendant, as the last
grantee in the chain of title, that it had purchased
the property in a tax sale and he had a right to
redeem the property for 150 percent of back taxes
within six months of the tax sale. Section 140 of
the General Property Tax Act, MCL 211.140; MSA

7.198. Although the statute also requires a tax sale purchaser to serve notice on the holders of any undischarged recorded liens, Alpha did not notify the United States government of its tax sale purchase. Defendant did not redeem the property within six months.

In 1992, Alpha transferred its interest in the property to B & B Investment Group for consideration of one dollar. Oakland County then held a tax sale for the unpaid 1988 property taxes. B & B paid the unpaid 1988 property taxes and again served notice on defendant that he had a right to redeem the property pursuant to § 140. B & B also failed to notify the United States government of its tax sale purchase as required by the statute. Defendant again failed to redeem the property. After discovering the federal tax lien on the property, B & B paid the amount of the lien to the United States government, extinguishing its interest.

In October 1992, B & B served a notice of termination of tenancy upon defendant, who was still living on the premises. Defendant alleges that, at that time, he attempted to redeem the property from the 1987 tax sale, but the county treasurer refused to accept his payment.

In March 1993, B & B conveyed its interest in the property to plaintiff. Because defendant had refused to terminate his tenancy and vacate the premises, plaintiff filed a complaint to quiet title and for possession of the premises. Defendant filed a complaint to quiet title and to redeem the property. Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (10), while defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). Without stating the specific subsection under which relief was being granted, the trial court granted plaintiff's motion

for summary disposition. The trial court denied defendant's motions.

A property owner who loses his property in a tax foreclosure is entitled to redeem that property from the tax sale purchaser. This right of redemption lasts for six months after the tax sale purchaser meets the statutory notice requirements. Section 140 and § 141, MCL 211.141; MSA 7.199. Failure to serve proper notice tolls the running of the six-month notice period. *Andre v Fink,* 180 Mich App 403, 406; 447 NW2d 808 (1989).

Both parties agree that Alpha and B & B were required to serve notice of the 1987 and 1988 tax sales upon the United States pursuant to § 140. Neither party disputes that both Alpha and B & B failed to serve the United States with the statutorily required notice. The sole issue in this case is whether the statutorily deficient notice tolled the running of the six-month notice period, allowing defendant to retain the right to redeem the property in 1992. We hold that it did not.

Section 73a of the General Property Tax Act, MCL 211.73a; MSA 7.119, states, in relevant part:

> The right to recover possession of land, or to a refunding of the amount paid, or to secure a tax deed, by a person claiming through or under a deed executed by the auditor general or by an officer authorized to issue tax deeds under a former tax law of the territory of the state of Michigan or by virtue of a certificate of purchase issued under this act or by a former tax law, shall be forever barred by the actual, open, and continuous possession of a person claiming that land adversely to the tax deed, or certificate of purchase, for the period of 5 years after the purchaser of the tax title, his heirs or assigns, is entitled to a deed thereof, or by a failure of the tax title purchaser, his heirs or assigns, to make a bona fide attempt to give notice required by this act, or by a former

tax law, for a reconveyance of the premises within
the above specified period of five years. *In case of a
failure to give the required notice for reconvey-
ance within the period of five years* from the date
the purchaser, his heirs or assigns shall become
entitled to a tax deed to be issued by the auditor
general, *the person or persons, claiming title un-
der the tax deed or certificate of purchase shall be
forever barred from asserting that title* or claim-
ing a lien on the land by reason of a tax purchase
. . . .

  If within the period of 5 years the tax title
purchaser, his heirs or assigns, has made a bona
fide attempt to give the notice or notices required
by law for reconveyance of the premises, neither
the legality or sufficiency of the sale or notice, nor
the bona fides of the purchaser in this attempt to
give the statutory notice, shall be questioned,
raised, or adjudicated except in or by a suit in
equity; and when in any case at law it shall
appear that any such question is a material issue
in the case, it shall on motion of either party be
forthwith transferred to the equity side of the
court, and there tried and determined in accor-
dance with recognized equitable principles, includ-
ing provisions for reimbursement for the value of
improvements made and taxes paid or other ex-
pense incurred. *A person who has himself been
properly served with notice and failed to redeem
from a sale in accordance with this act, within the
period herein specified, shall not thereafter be
entitled to question or deny in any manner the
sufficiency of notice upon the ground that some
other person or persons entitled to notice was not
also served.* [Emphasis added.]

The second sentence of the second paragraph
states that a party who has received notice and
has failed to redeem "within the period herein
specified" may not challenge the sufficiency of
notice because some other person was not served.
  The parties agree that the second sentence of

the second paragraph applies to defendant. Because he was properly served with notice and is questioning the notice served on the United States, he may redeem the property only "within the period herein specified."

Defendant argues that "the period herein specified" is the five years mentioned in both the first paragraph and the first sentence of the second paragraph. Because five years is the only period mentioned in this section, some commentators have adopted defendant's reasoning. See 11A Callaghan's Michigan Pleading & Practice (2d ed), § 89.45, p 299.

However, that reading of the statute would render part of the statute surplusage or nugatory. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992). The second sentence of the first paragraph of § 73a indicates that, if a tax title purchaser fails to give the required notice of reconveyance within a period of five years after the tax title purchaser is entitled to a deed, he is barred from claiming title under the tax deed. Although the second sentence of the first paragraph does not use the term "sufficiency of notice," it follows that a party claiming that it failed to receive notice of reconveyance within five years after the tax title purchaser was entitled to a deed could claim that the tax deed was invalid because of insufficient notice.

Applying that reading of the second sentence of the first paragraph, if the "period herein specified" in the second sentence of the second paragraph is five years, then the second sentence in the second paragraph would refer to a situation already covered by the first paragraph. If, as plaintiff contends, the "period herein specified" refers to the six-month redemption period discussed in the required notice provisions of § 140, then the second

sentence in the second paragraph would invoke a shorter limitation period for attacking notice provisions when the attacking party had received adequate notice.

When construing the language of a statute, a court should give effect to every phrase, clause, and word. *Gebhardt v O'Rourke,* 444 Mich 535, 542; 510 NW2d 900 (1994). In order to give meaning to the second sentence in the second paragraph in § 73a, and to differentiate between that sentence and the second sentence in the first paragraph, we hold that "the period herein specified" refers to the six-month period in § 140. We also note that the second sentence in the second paragraph states that a person who has received adequate notice and failed to redeem within the specified period shall *thereafter* be barred from attacking the sufficiency of notice upon another party. Because the language in § 73a in the sentence before "thereafter" refers to the receipt of notice, this sentence indicates that a party may not attack the sufficiency of notice more than six months after it has received adequate notice and failed to redeem. Therefore, § 73a prohibits a party that received adequate notice of redemption from raising more than six months after receiving that notice the question of the sufficiency of that notice on the ground that some other party that was entitled to notice was not served. Applying this statutory prohibition to this case, defendant, after receiving adequate notice, cannot argue that insufficient notice to the United States tolled the running of the redemption period.[1]

---

[1] In *St Helen Resort Ass'n, Inc v Hannan,* 321 Mich 536, 544-545; 33 NW2d 74 (1948), our Supreme Court briefly considered the second paragraph of this statute. In that case, neither the defendant nor a lienholder had received proper notice from the tax sale purchaser regarding the right of redemption. The defendant argued that this statute changed the form of the remedy by transferring these cases

Defendant correctly states that strict compliance with the provisions of the tax sale redemption statutes is required. *Richard v Ryno,* 158 Mich App 513, 516; 405 NW2d 184 (1987). Because we hold that § 73a prohibits defendant from attacking the notice to the United States more than six months after defendant received notice and failed to redeem, defendant has no standing to argue that strict compliance was not achieved.

Defendant contends that the Sixth Circuit Court of Appeals disregarded an attempt by a tax sale purchaser to invoke this same § 73a argument in *United States v Varani,* 780 F2d 1296 (CA 6, 1986). Defendant maintains that the Sixth Circuit Court of Appeals adhered to a policy of strict compliance with the notice provisions despite § 73a and urges this Court to follow that precedent. In *Varani,* the court stated that § 73a implicitly allowed a person who had not received notice, or had not been entitled to notice, to attack title for noncompliance with the statutory notice requirements. *Id.* at 1302. In this case, defendant was entitled to notice and received notice. Therefore, defendant does not fall within the constraints of *Varani.*

Because defendant failed to question the adequacy of notice to the United States within six

from the law side of the court to the equity side. Our Supreme Court held that the principal purpose of this act was to provide for reimbursement to the taxpayer for value of improvements made and taxes paid or other expenses. *Id.*

We find *Hannan* to be distinguishable from this case because *Hannan* did not involve a situation, as did this case, where one of the parties received proper notice but challenged the sufficiency of notice to another party. For that reason, *Hannan* did not address the second sentence in the second paragraph. The language employed by the Court in *Hannan* refers only to the first sentence of the second paragraph. The defendant argued that the first sentence transferred his case to the equity side of the court. The references of the Supreme Court to reimbursement to the taxpayer for improvements and tax paid are contained in the first sentence of the second paragraph, not in the second sentence.

months of receiving notice of the tax sale, defendant did not retain the right to redeem the property in October 1992.

Affirmed.

CAVANAGH, J., concurred.

SMOLENSKI, J. *(dissenting)*. I respectfully dissent. I construe the phrase "within the period herein specified" in the second sentence of the second paragraph of § 73a of the General Property Tax Act, MCL 211.73a; MSA 7.119, as providing for a five-year period. I disagree with the majority that such a construction renders this phrase surplusage or nugatory when read in conjunction with the second sentence of the first paragraph of § 73a.

The language of the first paragraph's second sentence provides that a tax title purchaser is barred from asserting title if the purchaser fails to give the required notice within five years after becoming entitled to the tax deed. Nevertheless, such purchasers often assert such title and even go into actual possession of the property for more than five years. See, e.g., *St Helen Resort Ass'n, Inc v Hannan,* 321 Mich 536; 33 NW2d 74 (1948); *Ritter v Corkins,* 319 Mich 484; 30 NW2d 41 (1947); *Adair v Bonninghausen,* 305 Mich 137; 9 NW2d 35 (1943); *Brousseau v Conklin,* 301 Mich 241; 3 NW2d 260 (1942); *Closser v Abraham,* 284 Mich 272; 279 NW 509 (1938). Generally, a person claiming inadequate notice can challenge such a purchaser's arguably void title at law or, if the purchaser made a bona fide attempt to give the required notice within five years, in equity at any time, i.e., six, eight, ten, or more, years after the purchaser claimed title or went into possession.[1]

---

[1] However, the issue of adverse possession may arise. See *Adair, supra.*

See the first sentence of the second paragraph of § 73a; see also. *St Helen, supra; Ritter, supra; Adair, supra; Brousseau, supra; Closser, supra.* Construing the phrase "within the period herein specified" as referring to a five-year period simply means that a person who was properly served with notice but failed to redeem within five years could not thereafter challenge the sufficiency of such a purchaser's notice to another and hence challenge the purchaser's arguable title where the purchaser had claimed title or gone into possession for more than five years. Thus, such a construction does not cause the second paragraph's second sentence to refer to a situation already covered by the first paragraph's second sentence. Rather, so construing the second paragraph's second sentence is in harmony with the first paragraph's second sentence.

I believe that this construction of the second sentence of the second paragraph of § 73a is reinforced by the plain language of the sentence itself, which, to reiterate, provides as follows:

> A person who has himself been properly served with notice and failed to redeem from a sale *in accordance with this act,* within the period herein specified, shall not thereafter be entitled to question or deny in any manner the sufficiency of notice upon the ground that some other person or persons entitled to notice was not also served. [Emphasis supplied.]

The words "in accordance with this act" refer to the General Property Tax Act, MCL 211.1 *et seq.*; MSA 7.1 *et seq.,* which generally provides that the redemption period in a case such as this is six months. See § 140, MCL 211.140; MSA 7.198. Construing the immediately following "within the period herein specified" as also meaning a six-month

period renders this phrase itself surplusage. However, construing "within the period herein specified" as meaning a five-year period gives effect to every phrase, clause, and word in the second sentence, and is consistent with the entire tenor and context of § 73a.

This analysis is bolstered by the language of the sentence as originally enacted by 1939 PA 52, which then provided as follows:

> No person who has himself been properly served with such notice and failed to redeem from such sale in accordance with the provisions of *the general tax law,* within the period herein specified, shall thereafter be entitled to question or deny in any manner the sufficiency of such notice upon the ground that some other person or persons entitled to notice was not also served therewith. [Emphasis supplied.][2]

Thus, I would hold that "the period herein specified" refers to a five-year period. I believe such a holding is consistent with Michigan law that strict compliance with the notice requirements of § 140 is required "*because the effect of proceedings under the tax law is to divest the true owners of their title to property.*" *Andre v Fink,* 180 Mich App 403, 407-408; 447 NW2d 808 (1989) (emphasis supplied). Such a holding is also consistent with this Court's holding in *Andre, supra.*

Therefore defendant could properly challenge the sufficiency of the redemption notice. I would reverse the trial court's grant of summary disposition in plaintiff's favor and remand for further proceedings consistent with this opinion.

---

[2] The present language of the second sentence of the second paragraph of § 73a was adopted by 1976 PA 385.