MAGOUN *v.* WALKER.

1. TAXATION—AFFIDAVIT OF SERVICE OF NOTICE OF RIGHT TO RECON-
VEYANCE—NONRESIDENTS—CERTIFICATE AS TO JURAT.

Affidavit of deputy sheriff of county in another State who served
notice of right of reconveyance from purchaser at a tax sale
upon a nonresident, then owner and last grantee in the regular
chain of title, which lacked certificate of the clerk of a court of
record certifying to the official character of the notary and
genuineness of his signature to affidavit *held,* insufficient under
statute requiring that such certificate be attached when service
of such notice was made in such manner (1 Comp. Laws 1929,
§ 3535).

2. SAME—STATUTES—TAX SALE—SUBSTANTIAL COMPLIANCE INSUFFI-
CIENT.

Substantial compliance with statutory requirements relative to
service of notice of right of reconveyance from purchaser at
tax sale is insufficient (1 Comp. Laws 1929, § 3535).

3. SAME—AMENDED RETURN OF SERVICE OF NOTICE OF RIGHT TO RE-
CONVEYANCE.

Amended return of local deputy sheriff or his affidavit as to serv-
ice of notice of right to reconveyance from purchaser at tax
sale by nonresident deputy sheriff on nonresident owner and
last grantee in regular chain of title cannot relate back and
make good that which was not good when made in that certifi-
cate of clerk of court of record as to official character of notary
and genuineness of his signature to jurat of affidavit of service
of such notice was not attached when original return of service
was made (1 Comp. Laws 1929, § 3535).

4. COURTS—NUNC PRO TUNC ENTRIES—PURPOSE.

A *nunc pro tunc* entry, in practice, is an entry made now of some-
thing which was actually previously done, to have effect as of
the former date, not to supply omitted action by the court, but
to supply an omission in the record.

5. TAXATION—TAX SALES—REDEMPTION—SERVICE OF NOTICE.

 Period of redemption from tax sale begins to run after a proper
  return of service of notice of right to reconveyance is filed,
  a return not strictly complying with provisions of statute rela-
  tive thereto being insufficient to cause such period to commence
  (1 Comp. Laws 1929, § 3535).

Appeal from Ogemaw; Shaffer (John C.), J. Sub-
mitted October 6, 1938. (Docket No. 52, Calendar
No. 40,188.) Decided December 21, 1938.

Bill by Georgia Magoun and Arthur J. Bonning-
hausen against Harry C. Walker and R. M. Halliday
to ascertain amount necessary to redeem from tax
sale and for conveyances. Cross-bill by defendants
against plaintiffs to quiet title to land. Decree for
plaintiffs. Defendants appeal. Affirmed.

*Dayton W. Closser,* for plaintiffs.

*Isadore Isackson,* for defendants.

SHARPE, J. In August, 1918, John A. Magoun be-
came the owner of certain real estate in Ogemaw
county, Michigan. At the annual tax sale held in
May, 1930, the defendants bid in the land for the
taxes for the years 1926 and 1927 and received from
the auditor general deeds for the same which were
properly recorded. March 19, 1936, J. A. Magoun
and wife deeded the mentioned premises to plaintiffs
herein. October 1, 1930, the defendants caused a no-
tice of reconveyance to be served on John A. Magoun
at Sioux City, Iowa, the then owner and last grantee
in the regular chain of title of said lands.

Service was made upon Magoun by C. P. Berglund,
a deputy sheriff of Woodbury county, Iowa, and re-
turn filed October 28, 1930, with the county clerk of
Ogemaw county. It appears that when the "return

of service" was filed with the county clerk, it did not have a certificate attached to it made by a clerk of a court of record certifying to the official character of the notary public, before whom the deputy sheriff of Woodbury county, Iowa, swore to the affidavit, and to the genuineness of the notary's signature. In May, 1937, a certificate was filed certifying to the official character of the notary public and to the genuineness of his signature to the jurat of the affidavit of the deputy sheriff. In July, 1937, Dwight Arthur, a deputy sheriff of Ogemaw county in 1930, executed an affidavit to the effect that he caused the notice of reconveyance to be served on John A. Magowan [Magoun?] through the deputy sheriff in Iowa. In June, 1936, plaintiffs filed a bill of complaint attacking defendants' title and asking that they be permitted to redeem. The cause came on for trial and the circuit judge held that plaintiffs were entitled to redeem because the original return of the sheriff of Ogemaw county did not comply with the statutory requirements of 1 Comp. Laws 1929, § 3535, and a decree was entered in favor of plaintiffs. '

Plaintiffs contend that the return of the sheriff of Ogemaw county, Michigan, was faulty in that the affidavit of C. P. Berglund, who served the notice, failed to have attached to it a certificate of the clerk of a court of record certifying first to the official character of the notary and second to the genuineness of his signature; and that until the certificate of the clerk of the court complying with the law was filed (May 25, 1937) there was no proper return of service which started the running of the six months' period of redemption.

Section 3535, 1 Comp. Laws 1929, in so far as the facts in this case are concerned reads as follows:

"Provided further, that if the person or persons entitled to such notice, or any of them, shall be non-residents of this State, if from the said record aforesaid, or from inquiry, the sheriff can obtain the post-office address of such person or persons or if said addresses be known to him, he shall either send to such nonresident person or persons a copy of said notice by registered letter, and return the receipt or receipts of the postmaster received for said letter or letters with his return to the county clerk's office, or said sheriff shall cause to be served personally on such person or persons aforesaid a copy of the said notice, and whenever such notice shall be personally served outside of this State, proof of such service shall be made by the affidavit of the person who shall serve the same, made before a justice of the peace or notary public and when such affidavit shall be made outside this State, it shall have attached thereto the certificate of the clerk of the court of record, certifying to the official character of the justice or notary, and the genuineness of his signature to the jurat of the affidavit, and such sheriff shall return the said proof of personal service with his return to the county clerk's office."

The affidavit of C. P. Berglund, who served the notice on Magoun on October 1, 1930, in Iowa, did not comply with the above provisions of the law. "Substantial compliance with the statutory requirements in such matters is not sufficient." *Stockwell* v. *Curtis,* 279 Mich. 388, 392.

See, also, *McClure* v. *Knight,* 284 Mich. 649.

The amended return of the deputy sheriff of Ogemaw county, Michigan, or affidavit filed July 7, 1937, cannot relate back and make good that which was not good on October 28, 1930. The same rule applies to the certificate of the clerk of the court of Woodbury county, Iowa, filed May 25, 1937.

In *Mallory* v. *Ward Baking Co.*, 270 Mich. 91, we quoted with approval from *Perkins* v. *Hayward*, 132 Ind. 95, 101 (31 N. E. 670), where that court said:

"A *nunc pro tunc* entry, in practice, is an entry made *now* of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted *action* by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

The period of redemption began to run after a proper return had been filed. The money to redeem was deposited within six months from the filing of the proper return.

The decree of the trial court is affirmed. Plaintiffs may recover costs.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.