ANCO INVESTMENT GROUP *v.* STRONG

TAXATION—PROPERTY—RIGHT OF REDEMPTION—BEGINNING OF PERIOD.
The redemption period for land sold at a tax sale begins to run against the former owner only after the filing of proof of service or the filing of proof of publication; pendency of litigation has no effect on the redemption period (MCLA § 211.141).

Appeal from Wayne, Edward F. Bell, J.   Submitted Division 1 March 4, 1971, at Detroit. (Docket No. 9908.)   Decided April 2, 1971.

Complaint by Anco Investment Group against Janie Strong and Arthur W. McNeish to quiet title to land bought at a tax sale.   Summary judgment for defendants.   Plaintiff appeals.   Affirmed.

*Victor, Covensky & Newman,* for plaintiff.

*Donald W. Sargent* and *Leonard L. Lubnik,* for defendants.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur, Taxation § 1115.

Per Curiam. From a grant of defendants' motion for summary judgment in an action to determine title to land, plaintiff appeals.

Plaintiff successfully bid upon the land in question at a tax sale in May of 1968 and received a certificate of sale. Approximately one year later, plaintiff was issued a tax deed by the State of Michigan pursuant to MCLA § 211.72 (Stat Ann 1960 Rev § 7.117). Plaintiff then sought to perfect his title to the land by serving defendants Strong and McNeish with statutory notice of their right to redeem. MCLA § 211.141 (Stat Ann 1960 Rev § 7.199). Defendant Strong, who was in possession of the land by virtue of an unrecorded land contract, was personally served on July 23, 1969. Defendant McNeish, the vendor, was served by publication completed July 22, 1969. The return of service and proof of publication were filed with the Wayne County Clerk on October 17, 1969.

Plaintiff brought suit to quiet title on February 10, 1970. On April 7, 1970, defendant Strong tendered the amount necessary to redeem the property to the Wayne County Clerk. Defendants then moved for summary judgment on the ground that the land had been redeemed.

On appeal, plaintiff urges that the six-month redemption period under MCLA § 211.141 (Stat Ann 1960 Rev § 7.199) begins to run from the date of service and that defendant Strong's right to redeem expired January 23, 1970.

Appellant's position is contrary to the clear mandate of MCLA § 211.141, which allows persons with an interest in land to redeem, "at any time within 6 months after the *filing* of return of service or the *filing* of proof of publication of such notice, as hereinbefore provided." (Emphasis supplied.) That the time for redemption begins to run only after the

proof of service has been *filed* is the settled law of this state. *Magoun* v. *Walker* (1938), 286 Mich 686. Pendency of litigation has no effect on this period. *Clothier* v. *Miller* (1913), 173 Mich 530.

Since the proof of service on defendant Strong was not filed until October 17, 1969, her tender to the county clerk on April 7, 1970, was within the statutory period and constituted a valid redemption. Thus, the action of the trial court in granting summary judgment to the defendants was proper.

Affirmed.