STEIN v HEMMINGER

Docket No. 93939. Submitted May 5, 1987, at Lansing. Decided
     January 19, 1988. Leave to appeal applied for.

Sandra Stein obtained a tax deed to certain real property and
     engaged the Oakland County Sheriff to serve notice of recon-
     veyance on Howard and Helen Hemminger and others who
     claimed an interest in the property. However, the return of
     service filed by the sheriff with the Oakland County Treasurer
     and Register of Deeds indicated that copies of a summons and
     complaint, and not notices of reconveyance, were served. The
     sheriff subsequently filed an amended return of service with
     the Treasurer and Register of Deeds, correcting his mistake. In
     an action brought by Stein in Oakland Circuit Court seeking to
     quiet title to the property, the trial court, Steven N. Andrews,
     J., granted summary disposition in plaintiff's favor, ruling that
     the amended return of service related back to the original
     return and that an offer of redemption tendered within six
     months of the amended return, but beyond six months from the
     date of the original return, was not timely pursuant to statute.
     Defendants Hemminger appealed.

     The Court of Appeals held:

     1. Case law concerning tax sale reconveyance requires strict
     compliance with statutory requirements regardless of actual
     notice. The trial court therefore erred in ruling that the
     amended return related back to the date of the original return.
     Thus, the six-month period of redemption was still open when
     the offer of redemption was tendered.

     2. Plaintiff, having made a bona fide attempt to give notice of
     reconveyance hindered only by the sheriff's failure to follow
     procedures, may be entitled to reimbursement for taxes and

REFERENCES

Am Jur 2d, Property §§ 30-32; Sheriffs, Police, and Constables §§ 21,
     81-88.
Supreme Court's construction of due process requirements regard-
     ing notice in proceedings to foreclose real property tax or similar
     lien. 77 L Ed 2d 1485.
See also the annotations in the Index to Annotations under Process
     and Service of Process and Papers; Property; Return of Process;
     Sale and Transfer of Property.

amounts expended for improvements pursuant to statute. On remand, the trial court is to determine whether plaintiff is entitled to any reimbursement.

Reversed and remanded.

PROPERTY — TAX SALES — NOTICE OF RECONVEYANCE — SERVICE — RETURN OF SERVICE.

A notice of reconveyance served by a tax sale purchaser of real property on parties claiming an interest in the property and a return of service thereon must strictly comply with the requirements set by statute; an amendment to a return of service on a notice of reconveyance may not relate back to the return originally filed (MCL 211.140; MSA 7.198).

*Schefman & Miller* (by *Beth E. Applebaum*), for plaintiff.

*Richard A. Golden, P.C.* (by *Stephanie L. Golden* and *Richard A. Golden*), for defendants Hemminger.

Before: WEAVER, P.J., and M. J. KELLY and J. R. KIRWAN,* JJ.

WEAVER, P.J. In an action to quiet title, defendants Howard Hemminger and Helen Hemminger appeal as of right from the Oakland Circuit Court's order of summary disposition granted in favor of plaintiff pursuant to MCR 2.116(C)(10), and also appeal from the court's order denying their motion for rehearing. We reverse and remand.

I

The property here at issue, formerly in possession of defendants Howard and Helen Hemminger, was purchased by plaintiff Sandra Stein at tax sales held in November, 1981, and April, 1983, pursuant to MCL 211.84; MSA 7.138 for nonpay-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

ment of delinquent 1977 and 1978 taxes. The Hemmingers had possession of the property pursuant to a warranty deed. Also claiming interests in the property on the date of plaintiff's purchases were the following: (1) Defendants James O. Thompson and Irving August, holders of a mortgage executed by the Hemmingers; (2) the defendant law firm of August, Thompson, Sherr & Miller, P.C., holder of a mortgage executed by the Hemmingers; (3) the United States Department of Treasury, holder of a lien filed with the Oakland County Register of Deeds; and (4) Amalio & Sons Co., Inc., a judgment creditor who had filed a levy with the Oakland County Register of Deeds.

Plaintiff served notice on the above defendants pursuant to MCL 211.140; MSA 7.198.[1] As a holder of unrecorded interests resulting from the tax sale on the property, defendant Richard A. Golden also received notice. In addition, plaintiff filed returns of service with the Oakland County Treasurer and recorded them with the Register of Deeds.[2]

However, the sheriff mistakenly filled out an "affidavit of service," which in preprinted lan-

[1] MCL 211.140; MSA 7.198 sets forth the tax purchaser's procedure for obtaining a writ of assistance to possess land after issuance of a tax deed, and states in pertinent part:

(1) A writ of assistance or other process for the possession of land the title to which was obtained by or through a tax sale, except if title is obtained under section 131, shall not be issued until 6 months after there is filed with the county treasurer of the county where the land is situated, a return by the sheriff of that county showing service of the notice prescribed in subsection (2).

[2] The interests of defendant treasury department, defendant Amalio & Sons, and defendant Golden are no longer at issue in this case. Subsequent to filing and recording of the notices, defendant treasury department and defendant Amalio & Sons fully released their interests in the property. On November 29, 1984, plaintiff recorded Golden's quitclaim deed pursuant to her purchase of Golden's interest by redeeming the 1979 and 1980 delinquent taxes in the amount of $18,227.16.

guage indicated that he had served defendants with a "summons and a copy of the complaint" rather than a "notice." Upon discovering this mistake, plaintiff later submitted a sheriff's affidavit wherein the sheriff stated he had actually served defendants with a "notice" rather than a "summons and complaint." On April 8, 1985, plaintiff also filed an amendment to the same effect with the Oakland County Treasurer, the amendment further indicating the "time" the notices had been delivered to the sheriff. When defendants attempted to redeem the property on October 8 and 9, 1985, both plaintiff and the Oakland County Treasurer's Office rejected defendants' tender.

On April 9, 1986, the trial court found that the amended return of service related back to the date of the erroneously filed affidavit and granted plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). Judgment was entered on May 6, 1986, and the motion of defendants Hemminger for reconsideration was denied. Plaintiff then moved for a writ of assistance pursuant to MCL 211.72; MSA 7.117. Defendants Hemminger now appeal from the judgment and denial of their motion for reconsideration, asserting that the statutory redemption period remained open to them because plaintiff failed to strictly comply with the statute's technical requirements.

II

The pivotal issue in this case is whether the sheriff's mistake in filing the wrong form for return of service can be corrected by relating the amended return back to the date of the original filing. Noting that no prejudice had occurred to defendants because they were actually served with notice, the trial court applied the rationale behind

the use of orders nunc pro tunc to the amended return of service. See *Mallory v Ward Baking Co,* 270 Mich 91, 93; 258 NW 414 (1935), quoting *Perkins v Hayward,* 132 Ind 95, 101; 31 NE 670 (1892). Finding that it was merely supplying an omission in the record of action really taken but omitted through inadvertence or mistake, the trial court related the amended return back to the date of the erroneously filed affidavit of service.

We believe that the trial court erred in this determination because case law concerning tax sale reconveyance requires strict compliance with the statute's requirements, regardless of actual notice. *Magoun v Walker,* 286 Mich 686, 689; 282 NW 868 (1938). See also *Richard v Ryno,* 158 Mich App 513, 516-518; 405 NW2d 184 (1987).[3]

We are unable to meaningfully distinguish this case from the facts and holding of *Magoun, supra.* In that case, a deputy sheriff in another state actually served proper notice of a tax sale reconveyance upon a nonresident, but failed to attach a court clerk's certificate certifying to the official character of the notary before whom the deputy sheriff swore to the affidavit and to the genuineness of the notary's signature. *Id.* at 688. When the tax purchaser attempted to relate an amended return or sheriff's affidavit back to the original return, the trial court refused to enter an order nunc pro tunc because the amended return or affidavit could not relate back "and make good that which was not good on October 28, 1930." *Id.* at 689.

---

[3] In *Richard v Ryno, supra,* a panel of this Court held that where the last grantees of record were deceased, a tax sale purchaser did not strictly comply with notice requirements where, although live children were either known to the purchaser or could have been found by reasonable inquiry, the deputy sheriff merely indicated on the return that service on the deceased was not effectuated. *Id.* at 516-517. Nor could the defendants' laches in asserting ownership bar their claim where the tax purchaser had not met the statutory requirements regarding notice of reconveyance. *Id.* at 517-518.

It appears that this fifty-year-old depression-era case constrains us to hold that plaintiff's amended return cannot relate back to the original filing because an amended return does not make good that which was not good when previously made. In a manner similar to that of the tax purchaser in *Magoun, supra,* plaintiff in this case failed to strictly comply with the statutory requirement to indicate service of a "notice" on defendants. Therefore the six-month redemption period remained open to defendants pursuant to MCL 211.140(1); MSA 7.198(1), began running as of April 8, 1985 (or the date plaintiff filed her amendment to the erroneous returns of service), and was still open when defendants tendered their offer of redemption on October 8, 1985. Hence the trial judge erred when he granted summary disposition in favor of plaintiff.

Because we reverse the trial court's ruling based on this issue, analysis of other issues is unnecessary. We note, however, that MCL 211.73a; MSA 7.119 allows a cause of action in equity for reimbursement of improvements, taxes and other expenses incurred where the tax-title purchaser has made a bona fide attempt to give notice of reconveyance within five years of the date of entitlement to a tax deed. *Richard, supra* at 517. Because it is apparent in this case that plaintiff's bona fide attempt to give such notice was hindered only by the sheriff's failure to follow proper procedures, we remand to the trial court for proceedings regarding reimbursement.

Finally, should petitioner appeal our decision, the Supreme Court may very well wish to consider whether the policy reasons for a strict construction of the statute still exist.

Reversed and remanded.