OTTACO, INC v KALPORT DEVELOPMENT COMPANY, INC

Docket No. 209243. Submitted July 7, 1999, at Grand Rapids. Decided December 10, 1999, at 9:10 A.M. Leave to appeal denied, 462 Mich ___.

Ottaco, Inc., brought an action in the Kalamazoo Circuit Court against Kalport Development Company, Inc., and Cherry Hill Development Company, seeking to quiet title to real property purchased at a tax sale by the plaintiff's predecessor in title, a private tax sale purchaser. The court, Philip D. Schaefer, J., granted summary disposition in favor of the plaintiff. The defendants appealed, alleging that they did not receive proper notice of the right to redeem the property.

The Court of Appeals *held*:

1. MCL 211.140(7); MSA 7.198(7) does not apply in this case. Subsection 140(7) applies to foreign corporations only when the foreign corporations have a registered agent in this state to accept service of process. Although Kalport is a foreign corporation, it does not have a registered agent in this state.

2. The requirements for sending the six-month notice contained in subsection 140(3), MCL 211.140(3); MSA 7.198(3), were complied with, although the service of notice by registered mail was to Kalport's registered agent, rather than Kalport directly. Because service of the notice strictly complied with the requirements of § 140, Kalport's right to redeem was cut off six months after the return of service was filed with the county treasurer.

3. Notice mailed to Kalport's registered agent complied with the due process standard that the notice be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

4. The 120-day notice required by MCL 211.73c; MSA 7.119(2) complied with due process in this case because the property was bid off to a private tax sale purchaser and not to the state.

Affirmed.

1. TAXATION — REAL PROPERTY — TAX SALES — REDEMPTION — NOTICE.

The General Property Tax Act allows property owners to redeem property lost in tax foreclosure at any time before the first Tuesday

of May in the year following the tax sale; the county treasurer must send notice to property owners at least 120 days before this redemption period expires indicating when the redemption period will expire and the consequences if the owner fails to redeem the property within that period (MCL 211.73c, 211.74; MSA 7.119[2], 7.120).

2. TAXATION — REAL PROPERTY — TAX SALES — REDEMPTION — NOTICE.

  A property owner whose property is sold to a private purchaser at a tax sale has a right of redemption that lasts for six months after the tax sale purchaser complies with the notice requirements of MCL 211.140; MSA 7.198; if proper notice is not served under § 140, the six-month period does not begin to run and the right of redemption is not cut off (MCL 211.141; MSA 7.199).

*Sotiroff & Abramczyk, P.C.* (by *Keith A. Sotiroff*), for the plaintiff.

*Miller, Johnson, Snell & Cummiskey, P.L.C.* (by *Craig H. Lubben* and *James R. Peterson*), for the defendants.

Before: MCDONALD, P.J., and KELLY and CAVANAGH, JJ.

MCDONALD, P.J. Defendants Kalport Development Company, Inc., and Cherry Hill Development Company appeal as of right the circuit court's order granting summary disposition under MCR 2.116(C)(10) in favor of plaintiff Ottaco, Inc., in this action to quiet title to a vacant parcel of real property that was purchased at a tax sale. We affirm.

The property at issue in this case is located in Portage, Michigan, in Kalamazoo County. Defendant Kalport, a Delaware corporation, is wholly owned by Peter J. Gould, and maintains its principle place of business in New Jersey. Kalport purchased the property in 1983 and recorded its warranty deed to the

property. The 1991 property taxes on the property were not paid.[1]

At a 1994 tax sale, Equivest of Out State Michigan, L.C., purchased a certificate for the unpaid 1991 property taxes. See MCL 211.71; MSA 7.116. On May 23, 1995, Equivest was issued a tax deed to the property. See MCL 211.72; MSA 7.117. Equivest quitclaimed the property to plaintiff in June 1996. Plaintiff filed this action to quiet title a short time later.

This appeal involves whether Kalport received proper notice of its right to redeem its property under the General Property Tax Act (GPTA), MCL 211.1 *et seq.*; MSA 7.1 *et seq.* Section 74 of the GPTA[2] allows property owners to redeem property lost in tax foreclosure at any time before the first Tuesday of May in the year following the tax sale. See *In re Sabec*, 137 Bankr 659, 665-666 (WD Mich, 1992). Section 73c of the GPTA[3] requires that at least 120 days before this first redemption period expires, the county treasurer must send notice to property owners indicating when the first redemption period will expire and the consequences to the owner if they do not redeem their property within that period.[4] We will refer to this notice as "the 120-day notice." The second and final redemption period available to property owners when a private purchaser buys property sold at a tax sale is

---

[1] It appears that property taxes in other years were also not paid, but only the 1991 taxes are at issue in this appeal.

[2] MCL 211.74; MSA 7.120.

[3] MCL 211.73c; MSA 7.119(2).

[4] If, as in this case, a private purchaser bought the property at the tax sale, a tax deed is issued to the purchaser by the state that entitles the purchaser to collect all taxes paid plus a fifty percent penalty and other fees. See MCL 211.73c(4); MSA 7.119(2)(4), MCL 211.141(1); MSA 7.199(1).

provided for by § 141 of the GPTA.[5] Section 141 provides a right of redemption that lasts for six months after the tax sale purchaser complies with the notice requirements of § 140 of the GPTA.[6] *Halabu v Behnke*, 213 Mich App 598, 602; 541 NW2d 285 (1995); *Sabec, supra* at 666. If proper notice is not served under § 140, this six-month period never begins to run and the right of redemption is not cut off. *Halabu, supra* at 602; *Andre v Fink*, 180 Mich App 403, 406-408; 447 NW2d 808 (1989).

We address the issues in the order they are raised by defendants. Defendants first argue that Kalport was not served with proper notice under § 140. Section 140 requires that a notice be served on the last grantee in the regular chain of title[7] of the property of the right to a reconveyance of the property within six months after return of service of the notice upon payment of all sums paid for the tax sale purchase plus an additional fifty percent and the sheriff's service fees. MCL 211.140; MSA 7.198. We will refer to this notice as "the six-month notice," as the parties have done.

The parties have stipulated the following facts relevant to this issue. A special deputy of the Kalamazoo

---

[5] MCL 211.141; MSA 7.199.

[6] MCL 211.140; MSA 7.198.

[7] The statute also requires that the six-month notice be served on persons who were, *as of the date the notice was delivered to the sheriff for service*, mortgagees named in undischarged recorded mortgages. MCL 211.140(1)(d); MSA 7.198(1)(d). The parties have stipulated that the date the notice was delivered to the sheriff in this case was either August 23, 1995, or August 28, 1995. The parties have also stipulated that defendant Cherry Hill Development Company's mortgage on the property was not recorded until December 5, 1995. Because Cherry Hill's mortgage was not recorded at the time the six-month notice was delivered to the sheriff, it was not entitled to notice under § 140. MCL 211.140(1)(d); MSA 7.198(1)(d).

County Sheriff's Department mailed the six-month notice by certified mail, return receipt requested, on or before October 9, 1995, to Kalport, care of Prentice-Hall Corporation, which is identified as Kalport's registered agent in the records on file for Kalport in its state of incorporation, Delaware. On or before October 9, 1995, Prentice-Hall received the six-month notice and executed the certified mail return receipt card. However, Kalport in fact never received the notice. Apparently, Prentice-Hall did not have the address of Gould, Kalport's sole shareholder. It is also important to note that on the recorded warranty deed to the property, Kalport's address is listed as 229 South State Street, Dover, Delaware, 19850. This address was Prentice-Hall's address at the time.[8] The parties have also stipulated that on or before October 9, 1995, the special deputy noted on a return of service that he mailed the six-month notice to Kalport, care of Prentice-Hall, and that the return receipt showing postal delivery was attached to the return. On November 8, 1995, the county treasurer certified the receipt of the six-month notice and the return of service and filed the six-month notice and the return of service. Six months later, on May 8, 1996, the county treasurer noted that the six-month period had expired and the property had not been redeemed.

The parties both argue that subsection 140(7) sets forth the applicable requirements for service on Kalport, but disagree regarding the interpretation of subsection 140(7). We review questions of statutory construction de novo. *Michigan Basic Property Ins*

---

[8] The six-month notice was sent to an updated address of Prentice-Hall, which was obtained by the county treasurer after the 1991 delinquent tax bills were returned by the post office as undeliverable.

*Ass'n v Ware,* 230 Mich App 44, 48; 583 NW2d 240 (1998).

Subsection 140(7) provides, in relevant part:

> A foreign corporation doing business in this state with a registered agent in this state to accept service of process as required by law is regarded, for the purposes of this act, as a resident of the county in which its registered office is located. Service on a foreign corporation may be made on the resident agent or by certified mail addressed to the corporation at its home office. [MCL 211.140(7); MSA 7.198(7) (emphasis added).]

Kalport argues that the last sentence of subsection 140(7) requires either personal service on the resident agent or service of the notice by certified mail addressed to the corporation at its home office. Kalport contends that its right of redemption remains because the method of service in this case, service of the notice by certified mail on its resident agent, did not comply with either of these alternatives. We disagree that subsection 140(7) applies to the situation presented in this case. Giving the clear language of the statute its plain meaning, *Donajkowski v Alpena Power Co,* 460 Mich 243, 248; 596 NW2d 574 (1999), subsection 140(7) applies to foreign corporations only when the foreign corporations have a registered agent in this state to accept service of process. While Kalport is a foreign corporation, it does not have a registered agent in this state. Accordingly, the last sentence of subsection 140(7), upon which the parties rely, does not govern whether service was proper in this case.

Instead, we must look to other provisions of § 140 to determine whether proper service was achieved in this case. Subsection 140(1)(a) provides in part that

"[t]he return shall indicate that the sheriff made personal or substituted service of the notice on . . . the last grantee or grantees in the regular chain of title of the property, . . . according to the records of the county register of deeds."[9] Subsection 140(3) further provides in part:

> If a person entitled to notice under subsection (1) is not a resident of this state, the sheriff, if the post office address of the person can be ascertained, shall send to the nonresident person a copy of the notice by certified mail, and attach the receipt indicating postal delivery of the notice to the return and file the return with the county treasurer's office. If service on the nonresident is not made by mail, the sheriff shall cause a copy of the notice to be served personally on the nonresident . . . . [MCL 211.140(3); MSA 7.198(3).]

These subsections are complied with by sending nonresident Kalport a copy of the six-month notice by certified mail, attaching the receipt indicating postal delivery to the return, and filing the return with the county treasurer's office. Personal service is not required if service on the nonresident is made by mail. See *Weston v Moore*, 265 Mich 165, 171-172; 251 NW 922 (1933). In this case, the requirements of subsection 140(3) were complied with, but the deputy sent the notice to Kalport's registered agent, Prentice-Hall, rather than to Kalport directly. We find this is sufficient because in the warranty deed it recorded for the property, Kalport listed Prentice-Hall's address as its own. See *Wolf v McDonald*, 244 Mich 59, 62; 221 NW 173 (1928) (holding that the statute requires service on nonresidents by registered mail if their post

---

[9] MCL 211.140(1)(a); MSA 7.198(1)(a).

office addresses can be ascertained by inquiry or by reference to the last recorded deed.) Moreover, the function of a registered agent in Delaware is to accept service of process. Del Code Ann, tit 8, § 132(a). Any miscommunication between Prentice-Hall and Kalport regarding Kalport's forwarding address is either attributable to Prentice-Hall or Kalport, but not to plaintiff or its predecessor, Equivest. Because service of the six-month notice strictly complied with the requirements of § 140, Kalport's right to redeem was cut off six months after the return of service was filed with the county treasurer. See *Andre, supra* at 406. Although the trial court apparently reached this result for the wrong reason, i.e., by incorrectly applying subsection 140(7), we will not reverse on this basis. *Michigan Employment Security Comm v Westphal*, 214 Mich App 261, 267; 542 NW2d 360 (1995).

Defendants also argue that mailing the six-month notice to Kalport's registered agent in this case did not comport with the Due Process Clause, citing *Dow v Michigan*, 396 Mich 192; 240 NW2d 450 (1976). Defendants claim that both Equivest and the county treasurer had Kalport's business address in New Jersey when the six-month notice was delivered to the sheriff because Kalport's sole shareholder, Gould, had corresponded with Equivest and the county treasurer from that address before the six-month notice was sent to Kalport. Defendants state in their brief that "[t]he holding in *Dow* suggests that when a superior and more reliable method (or address) is readily known, it should always be used over an inferior and less reliable method." We disagree.

Defendants' reliance on *Dow* is misplaced. In *Dow,*
*supra* at 196, the Court held:

> [T]he Due Process Clause requires that an owner of a sig-
> nificant interest in property be given proper notice and an
> opportunity for a hearing at which he or she may contest
> the state's claim that it may take the property for nonpay-
> ment of taxes and that newspaper publication is not consti-
> tutionally adequate notice of such right. [*Id.* at 196.]

However, the property in *Dow* was bid off to the
state, not purchased by a private tax sale purchaser.
*Id.* at 197. In fact, the Court recognized that mailing
notices to property owners would not impose too
great of a burden on the state because the statute
already required private tax sale purchasers to do so.
*Id.* at 197, 208. Accordingly, we find *Dow* does not
apply to the case at bar. Additional support for this
conclusion is that after the Court decided *Dow,* the
Legislature enacted § 131e of the General Property
Tax Act,[10] which requires a hearing before the Depart-
ment of Treasury in cases where the property is bid
off to the state. *Detroit v Adamo,* 234 Mich App 235,
237; 593 NW2d 646 (1999); lv pending; *Brandon Twp
v Tomkow,* 211 Mich App 275, 282; 535 NW2d 268
(1995). Moreover, we would find no due process vio-
lation in this case even considering the broader impli-
cations of the Court's holding in *Dow, supra* at 206,
that notice be " 'reasonably calculated, under all the
circumstances, to apprise interested parties of the
pendency of the action and afford them an opportu-
nity to present their objections.' " (Citation omitted.)
Notice mailed to a corporation's designated registered
agent certainly complies with this standard, especially

---

[10] MCL 211.131e; MSA 7.190(3).

in this case where Kalport listed Prentice-Hall's address as its own on the warranty deed to the property it recorded.

Finally, we address defendants' argument that the 120-day notice required by § 73c did not comply with due process in this case because it was sent by ordinary mail rather than certified mail. Again defendants rely on *Dow* to support their argument. As we have already explained, *Dow* is not applicable here because the property in this case was not bid off to the state. We are not persuaded by defendants that this distinction is unimportant.

We do not address defendants' claim that the presale notice did not comply with MCL 211.61; MSA 7.105. Review of this issue would be inappropriate because it is not raised in the statement of questions presented. *Marx v Dep't of Commerce*, 220 Mich App 66, 81; 558 NW2d 460 (1996).

Affirmed.