EQUIVEST LIMITED PARTNERSHIP v FOSTER

Docket No. 225612. Submitted April 9, 2002, at Detroit. Decided October 15, 2002, at 9:05 A.M. Leave to appeal sought.

Equivest Limited Partnership brought an action in the Oakland Circuit Court against James E. Foster, Sr., Foster's spouse, and Katie U. Brooms, seeking to quiet title to, and a writ of assistance to take possession of, a parcel of realty located in Oakland County and for which the Fosters held tax deeds from the state with regard to 1991 and 1992 taxes and Equivest held a tax deed from the state with regard to 1993 taxes. In their answer, the Fosters asserted as an affirmative defense that they were not properly notified of their six-month redemption right under MCL 211.140. The plaintiff moved for summary disposition, arguing that compliance with the notice requirements of MCL 211.140 was achieved with the filing with the Oakland County Treasurer of a letter from the Wayne County Sheriff's Office indicating that several attempts at serving the notice to the Fosters at their Detroit address were thwarted by the Fosters' noncooperation and with the publication of the notice in an Oakland County newspaper once a week for four successive weeks. The court, Barry L. Howard, J., granted the motion, ruling that the letter from the Wayne County Sheriff's Office was sufficient to constitute a return of service for the purpose of complying with MCL 211.140(1). The Fosters appealed.

The Court of Appeals *held*:

The six-month redemption period does not start unless there has been strict compliance with the provisions of MCL 211.140. In this case, the trial court erred in granting summary disposition for the plaintiff inasmuch as the plaintiff failed to comply strictly with the statutory requirements.

1. MCL 211.140(1) provides that a writ of assistance or other process for the possession of property the title to which was obtained through a tax sale shall not be issued until six months after the sheriff of the county where the property is located files a return of service with that county's treasurer showing service of the notice prescribed in MCL 211.140(2).

2. MCL 211.140(5) provides that if the sheriff of the county where the property is located is unable, after careful inquiry, to ascertain

the whereabouts or the post office address of the person on whom notice may be served, service of the notice may be made by publication in a newspaper published and circulated in the county where the property is located. Subsection 5 does not apply to this case where the whereabouts of the Fosters were known.

3. MCL 211.140(3) provides that if the grantee or grantees or the person or persons holding the interest in the land as described in MCL 211.140(1) are residents of a county of this state other than the county in which the land is situated, the notice shall be served on those persons by the sheriff of the county in which the persons reside or may be found. Subsection 3 applies to this case. However, subsection 3 includes no alternative means of providing notice if the interested party deliberately evades service.

Reversed.

TAXATION — REAL PROPERTY — TAX SALES — NOTICE.

The holder of a tax deed to realty is not entitled to a writ of assistance or other process for the possession of the realty unless the holder has strictly complied with statutory requirements relating to the provision of notice of the tax sale and the right of redemption to those with an interest in the property (MCL 211.140).

*Sotiroff & Abramczyk, P.C.* (by *Lawrence A. Tower* and *Keith A. Sotiroff*), for the plaintiff.

*Keith Sirlin & Associates, P.C.* (by *Keith Sirlin* and *Mark R. James*), for the defendants.

Before: BANDSTRA, P.J., and SMOLENSKI and METER, JJ.

METER, J. Defendants James E. Foster, Sr., and his spouse appeal as of right from an order granting plaintiff's motion for summary disposition and awarding certain property to plaintiff. We reverse.

This case involves a parcel of land located in Oakland County. When an earlier owner of the property defaulted on her taxes, a tax sale was held, and defendants received tax deeds from the state with regard to the 1991 and 1992 taxes. Later, plaintiff's predecessor in interest, Equifunding, Inc., obtained a tax deed with regard to the 1993 taxes. Equifunding

sought to quiet title to the property and prepared a notice for service upon defendants. According to a letter from the Wayne County Sheriff's Office, the office attempted service nine times at defendants' Detroit residence but was unable to serve defendants because they refused to answer their door. Equifunding filed the Wayne County Sheriff's Office letter with the Oakland County Treasurer's Office. Thereafter, Equifunding's notice to defendants was published four times in the Lake Orion Review, an Oakland County newspaper. Equifunding later conveyed its interest in the property to plaintiff.

After defendants failed to respond to the published notice, plaintiff filed a complaint to quiet title and a request for a writ of assistance to take possession. Defendants answered and, as an affirmative defense, claimed that they were not properly notified of their six-month redemption right under MCL 211.140. Plaintiff then moved for summary disposition, and the trial court granted the motion, concluding that the Wayne County Sheriff's Office letter was sufficient to constitute a return of service for purposes of complying with MCL 211.140(1).

On appeal, defendants claim that under MCL 211.140(5), the Oakland County Sheriff was required to file an affidavit or return of service disclosing that he could not ascertain defendants' whereabouts[1] before service by publication was warranted. Defendants contend that because the Oakland County Sheriff did not file such an affidavit or return of service, the statutory redemption period never began running.

---

[1] The current version of MCL 211.141(5), as opposed to an earlier version, does not, in fact, contain this requirement.

Defendants further make the general contention that because plaintiff did not strictly comply with the notice provisions of MCL 211.140, the redemption period never began to run and the trial court erred in granting summary disposition to plaintiff.

This Court reviews de novo a trial court's decision on a motion for summary disposition as a question of law. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). Statutory construction is likewise a question of law, calling for review de novo. *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995).

We conclude that the trial court did indeed err in its analysis of the summary disposition motion because plaintiff did not strictly comply with the requirements of MCL 211.140.

MCL 211.72 provides that "tax deeds convey an absolute title to the land sold, and constitute conclusive evidence of title, in fee, in the grantee, subject, however, to all taxes assessed and levied on the land subsequent to the taxes for which the land was bid off." MCL 211.72 further authorizes a person holding a state tax deed to bring an action to quiet title against all parties who have a recorded interest in the property. However, under MCL 211.141, interested parties are given a final redemption period that lasts for six months after the tax deed holder complies with the notice requirements of MCL 211.140. *Ottaco, Inc v Kalport Development Co, Inc*, 239 Mich App 88, 90-91; 607 NW2d 403 (1999).

MCL 211.140 states, in pertinent part:

> (1) A writ of assistance or other process for the possession of property the title to which was obtained by or through a tax sale . . . shall not be issued until 6 months

after the sheriff of the county where the property is located files a return of service with the county treasurer of that county showing service of the notice prescribed in subsection (2). The return shall indicate that the sheriff made personal or substituted service of the notice on [the interested parties as specified] . . . .

(2) The notice served shall be in substantially the following form: . . . .

(3) If the grantee or grantees, or the person or persons holding the interest in the land as described in subsection (1) are residents of a county of this state other than the county in which the land is situated, the notice shall be served on that person by the sheriff of the county in which that person or persons reside or may be found. . . .

*          *          *

(5) If the sheriff of the county where the property is located is unable, after careful inquiry, to ascertain the whereabouts or the post office address of the persons on whom notice may be served as prescribed in this section, service of the notice shall be made by publication. The notice shall be published for 4 successive weeks, once each week, in a newspaper published and circulated in the county where the property is located . . . . This publication shall be instead of personal service upon the person or persons whose whereabouts or post office address cannot be ascertained as set forth in subsection (3).

(6) Service may be made on a resident of this state by leaving the notice at that person's usual place of residence with a member of that person's family of mature age.

If the proper statutory notice is not served, the six-month redemption period never begins to run and the right to redemption continues to exist. *Ottaco, supra* at 91. Moreover, "strict compliance with the tax sale notice provisions is required," and even "[a]ctual notice is not enough to satisfy the statute's notice

requirements." *Brandon Twp v Tomkow*, 211 Mich App 275, 284; 535 NW2d 268 (1995). See also *Andre v Fink*, 180 Mich App 403, 407-408; 447 NW2d 808 (1989) (strict compliance with the notice requirements of MCL 211.140 is required "because the effect of proceedings under the tax law is to divest the true owners of their title to property").

In granting plaintiff's motion for summary disposition, the trial court ruled, in part:

> The [c]ourt finds specifically that . . . [p]aragraph 3 does apply when the residence of the grantee is in a county other than that in which the property is located and . . . that the grantee is actually a resident of that county.[2] . . . [T]he [c]ourt finds specifically that notice given as put forth by the sheriff's document is sufficient and does comport with the statutory intent. Accordingly the court finds that the Motion for Summary Judgment is granted on behalf of Plaintiff.

We cannot agree that the notice given was sufficient in this case under the prescribed statutory scheme. First, affording MCL 211.140(5) its plain meaning, see *Indenbaum v Michigan Bd of Medicine (After Remand)*, 213 Mich App 263, 270; 539 NW2d 574 (1995) (statutes should be applied according to their plain meaning), that subsection, contrary to defendants' suggestion on appeal, does not apply to the facts of this case. It provides that if the sheriff of the county in which the property is located is unable to ascertain the whereabouts of an interested party, then service by publication in the county where the property is located is valid. In the instant case, there

---

[2] The parties do not dispute this finding by the court that defendants lived in Wayne County, a county other than that in which the property was located.

is no dispute that the whereabouts of defendants were, in fact, known. Moreover, subsection five provides for the alternative of notice by publication *in the county where the property is located;*[3] it seems counterintuitive to commence publication in this specified county when it is known that the interested parties reside in a different county. Subsection five, contrary to defendants' suggestion, is simply not applicable to this case.

Subsection three does apply, however. Defendants had a known Wayne County address and were subject to service by the Wayne County Sheriff. Subsection three, however, includes no alternative means of providing notice if the interested party deliberately evades service. Although the subsection does allow for service by certified mail, that applies only to those who are not residents of this state. Subsection six, in turn, allows service by leaving the notice at the interested party's residence, but then only with a member of the person's family.

The expedient of resorting to publication notice in Oakland County in response to frustrated attempts to effect personal service in Wayne County, upon the filing of Wayne County's notice of failure of personal service in Oakland County, cannot be reconciled with the statutory requirements. The statutory notice provisions at issue simply do not provide for this alternative. The choice confronting this Court, then, is whether to read the statute in its most literal sense, in which case the publication notice that occurred here was insufficient, or whether to interpret the statute as

---

[3] As we indicated earlier, the publication notice in the instant case occurred in Oakland County, the county in which the property is located.

allowing for the publication notice that occurred here as a reasonable response to a wilful refusal to cooperate with efforts at personal service.

We feel constrained by case law to read the statute in its most literal sense. Indeed, within the realm of tax sales of real property, strict compliance with statutory requirements is an overriding policy. See generally *Andre, supra* at 407-408. As noted earlier, even *actual* notice does not excuse the failure to comply strictly with the formal notice requirements of MCL 211.140. *Brandon Twp, supra* at 284.

A literal reading of the statute was mandated in two instructive cases. In *St Helen Resort Ass'n, Inc v Hannan,* 321 Mich 536, 538; 33 NW2d 74 (1948), the defendant obtained a tax deed for property in Roscommon County, and the last grantees of record had a Detroit address. The defendant tendered a redemption notice to the Roscommon County Sheriff, who forwarded it to the Wayne County Sheriff for service on the Detroit grantees. *Id.* at 538-539. The Wayne County Sheriff made a return stating that he was unable to ascertain the whereabouts of the grantees, and the Roscommon Sheriff then published a notice in a Roscommon County newspaper without first filing a return stating that he was also unable to ascertain the grantees' whereabouts. *Id.* at 539-541. The Court held that the service by publication was invalid, noting that the predecessor of MCL 211.140(5) conditioned notice by publication on the sheriff of the county where the property is located making a return announcing the sheriff's inability to ascertain the whereabouts of the party to be served. *Id.* at 543-544. The Court decreed, "this proviso in the act is a condition precedent to service by publication and must be

complied with. Failure to do so renders it a nullity."
*Id.* Thus, because the Roscommon Sheriff failed to
file a return stating that he was unable to locate the
grantees, the subsequent publication notice was in-
valid. *Id.*

*St Helen* is not directly applicable to the instant
case, because (1) the current version of MCL
211.141(5) does not explicitly condition publication
notice upon a "return" by the sheriff indicating that
he could not ascertain the whereabouts of the parties
to be served and because (2) in *St Helen,* the where-
abouts or address of the parties to be served were
not known when service was attempted. Neverthe-
less, *St Helen* is instructive by analogy. Indeed, the
*St Helen* Court read the statute literally; even though
the Wayne County Sheriff made a return stating that
he was unable to ascertain the whereabouts of the
grantees, the Court held the publication notice insuffi-
cient because the *Roscommon* Sheriff had not made a
similar return.

In *Stein v Hemminger,* 165 Mich App 678, 679-680;
419 NW2d 50 (1988), the plaintiff purchased property
at a tax sale, and the defendants were earlier gran-
tees. The plaintiff served notice of his claim on defen-
dants, but in making the return of service under MCL
211.140(1), the sheriff mistakenly noted that he had
served defendants with a summons and complaint
rather than with a redemption notice. *Stein, supra* at
680-681. The plaintiff then corrected the error with an
affidavit from the sheriff and an amendment of the
return. *Id.* at 681. The trial court found that the cor-
rective action related back to the date of the original
return. *Id.* The defendants argued on appeal that "the
statutory redemption period remained open to them

because plaintiff failed to strictly comply with the statute's technical requirements." *Id.* This Court held that the trial court erred because "case law concerning tax sale reconveyance requires strict compliance with the statute's requirements, regardless of actual notice." *Id.* at 682. The Court noted, "should petitioner appeal our decision, the Supreme Court may very well wish to consider whether the policy reasons for strict construction of the statute still exist." *Id.* at 683. The Supreme Court denied leave to appeal. 430 Mich 896 (1988).

*Stein* and *St Helen* indicate that MCL 211.140 must be strictly construed, even if doing so produces anomalous results. We thus feel constrained to hold that the notice attempts that occurred in this case did not serve to commence the six-month redemption period. The statute simply does not allow for publication notice in the county where the property is located in response to frustrated attempts at personal service upon residents of another county. We invite our Legislature to revisit the provisions of MCL 211.140 in order to provide alternatives for situations in which a party whose whereabouts are known obstinately refuses service.

Reversed.